728 F.2d 151
 4 Soc.Sec.Rep.Ser. 170, Unempl.Ins.Rep. CCH 15,153
Josephine MARZILIANO, Plaintiff-Appellee,
v.
Margaret M. HECKLER, Secretary of the United States
Department of Health and Human Services,
Defendant-Appellant.
 No. 37, Docket 83-6033.
 United States Court of Appeals,
Second Circuit.
 Argued Aug. 31, 1983.
Decided Feb. 17, 1984.
 
 Eileen R. Kaufman, Westchester Legal Services, Inc., White Plains, N.Y., for plaintiff-appellee.
 Alan Nisselson, Asst. U.S. Atty., New York City (Rudolph W. Guiliani, U.S. Atty., S.D.N.Y., Thomas D. Warren, Asst. U.S. Atty., New York City, on the brief), for defendant-appellant.
 Before KEARSE, CARDAMONE and WINTER, Circuit Judges.
 KEARSE, Circuit Judge:
 
 
 1
 Defendant Margaret M. Heckler, Secretary of Health and Human Services ("Secretary"), appeals from a final judgment entered in the United States District Court for the Southern District of New York, Charles L. Brieant, Jr., Judge, awarding plaintiff Josephine Marziliano attorney's fees and costs pursuant to 28 U.S.C. Sec. 2412(d)(1)-(A) (Supp. V 1981), enacted in 1980 as part of the Equal Access to Justice Act ("EAJA"). Judgment was entered after the Secretary had defaulted in responding to plaintiff's motion for such fees and costs. On appeal the Secretary contends that the district court abused its discretion in denying the Secretary's motion pursuant to Fed.R.Civ.P. 55(c) to set aside the entry of default and that the district court's entry of judgment by default was precluded by Fed.R.Civ.P. 55(e). We disagree and affirm the judgment.
 
 I. BACKGROUND
 
 2
 The controversy before us, the relevant details of which are not in dispute, has its origins in Marziliano's attempt to secure disability benefits under the Social Security Act ("Act"). In 1980, Marziliano sought disability insurance benefits under Title II of the Act, 42 U.S.C. Secs. 401-433 (1976) (amended 1976-1983), and Supplemental Security Income under Title XVI of the Act, 42 U.S.C. Secs. 1381-1383c (1976) (amended 1976-1983), claiming that she was disabled by reason of a psychiatric impairment. The Secretary denied Marziliano's claim, determining on the basis of the Secretary's medical-vocational guidelines contained in Appendix 2 to Subpart P of 20 C.F.R. Sec. 404 (1982) (the "Guidelines") that there was work in the national economy that Marziliano could perform. In 1982 Marziliano, represented by Westchester Legal Services, Inc., commenced the present action for judicial review of the Secretary's decision, contending, inter alia, that under the then-controlling decision of this Court in Campbell v. Secretary of Health and Human Services, 665 F.2d 48, 53-54 (2d Cir.1981) ("Campbell "), rev'd, --- U.S. ----, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983), the Secretary was not permitted simply to rely on the Guidelines in denying disability benefits, but was required to identify suitable available alternative jobs through the testimony of a vocational expert.
 
 
 3
 Both sides moved for judgment on the pleadings. The Secretary contended that Campbell was wrongly decided and pointed out that seven other Circuits disagreed with our ruling in that case.[1] The Secretary had petitioned to the Supreme Court for certiorari in Campbell, and she requested that the district court not decide the Guidelines issue in the present case until the Supreme Court had acted upon the petition. On June 21, 1982, while these motions were sub judice, the Supreme Court granted certiorari in Campbell. Schweiker v. Campbell, 457 U.S. 1131, 102 S.Ct. 2956, 73 L.Ed.2d 1348 (1982).
 
 
 4
 The district court declined to await further Supreme Court action on Campbell. On September 27, 1982, it ruled that the Secretary had failed to meet her burden, established by our decision in Campbell, to identify "specific alternative occupations suitable for the claimant along with job descriptions, explaining the nature of the job and the claimant's ability to perform it" (Memorandum and Order dated September 27, 1982 ("September 27 Decision"), at 2), and concluded that the Secretary's determination that Marziliano was not disabled thus was not supported by substantial evidence. The court remanded the case to the Secretary for further proceedings.
 
 A. The Motion for Attorney's Fees
 
 5
 On October 26, 1982, Marziliano moved for an award of $3131.25 in attorney's fees and $77 in costs pursuant to EAJA, 28 U.S.C. Sec. 2412(d)(1)(A), which provides in relevant part as follows:
 
 
 6
 Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a) [of 28 U.S.C. Sec. 2412], incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
 
 
 7
 Marziliano contended that, having obtained a ruling that the Secretary's decision was not supported by substantial evidence, she was a "prevailing party" within the meaning of EAJA, that the Secretary's position was not "substantially justified," and that there were no "special circumstances" that would make an award of attorney's fees and costs unjust. In support of the motion, Marziliano submitted an affidavit of her counsel setting forth counsel's experience and standing, and suggesting a reasonable hourly rate; a detailed description of the time spent and the work performed by counsel; the expenses incurred in prosecuting the case; and the status of Westchester Legal Services, Inc. The motion was returnable on November 8, 1982.
 
 
 8
 On October 29, 1982, Alan Nisselson, Esq., the Assistant United States Attorney in charge of the case for the Secretary, telephoned Eileen R. Kaufman, Esq., Marziliano's counsel, to request additional time in which to respond to Marziliano's fee motion. Kaufman agreed to a one month extension and Nisselson sent her a stipulation for execution. On November 8, 1982, the return date of the motion, Nisselson had not received the executed stipulation, and he called Kaufman's office to inquire about it. Kaufman was not in her office at the time, however, and Nisselson did nothing further with respect to the motion on that date. He neither appeared in court nor attempted to inform the district court by letter, telephone, or in any other manner of the adjournment agreed to between the parties.
 
 
 9
 Unaware of the agreement between the parties and having received no opposing papers from the Secretary by the return date, Judge Brieant granted Marziliano's motion for attorney's fees and costs on November 8, 1982. The court noted that the Secretary had failed to respond. The order reads as follows:
 
 
 10
 The within motion is granted and legal fees fixed and allowed in the amount requested. Submit a Judgment to the Judgment Clerk. No papers or appearance received in opposition.
 
 
 11
 Order dated November 8, 1982 ("November 8 Order").
 
 
 12
 On November 9, 1982, Kaufman returned Nisselson's call and informed him that she had returned the signed stipulation to him by mail on November 4. She also informed him that on November 8, the district court had entered the Secretary's default on the fee motion.
 
 B. The Motion To Vacate the Default
 
 13
 On November 17, 1982, the Secretary moved pursuant to Fed.R.Civ.P. 55(c) to set aside the entry of default and sought leave to file papers opposing Marziliano's motion for attorney's fees and costs by December 8, 1982. This motion was accompanied by Nisselson's affidavit and a brief memorandum of law, asserting in summary fashion that the Secretary was entitled to the requested relief.
 
 
 14
 The affidavit described Nisselson's agreement with Kaufman for an adjournment of the motion and his nonreceipt of the signed stipulation. But it contained no explanation as to why Nisselson had made no effort to notify the court of the proposed adjournment. Nor was there much as to the merits of the Secretary's anticipated opposition to the fee motion. The affidavit merely stated that the motion raised several "substantial issues of law" (Affidavit of Alan Nisselson dated November 17, 1982 ("Nisselson Aff."), p 2), and concluded as follows:
 
 
 15
 5. In light of the stipulation between counsel, in light of the diligence of defendant's counsel in obtaining the stipulation and [in light of the fact that the defendant may have a meritorious defense to plaintiff's motion] the defendant respectfully requests that this motion be granted.
 
 
 16
 (Id. p 5; brackets in original.) The accompanying memorandum of law provided the district court with little additional information:
 
 
 17
 A number of courts have recently ruled against applications similar to plaintiff's. See, e.g., Woverston v. Schweiker, No. 78-1223 (D.Idaho, March 2, 1982); Kinne v. Schweiker, No. 80-81 (D.Vt., June 30, 1982); Nichols v. Schweiker, No. C 81-818R (W.D.Wash., Apr. 8, 1982).*
 
 
 18
 The footnote to this paragraph stated that "in this district," Ocasio v. Schweiker, 540 F.Supp. 1320 (S.D.N.Y.1982), had granted a fee award pursuant to EAJA on an application similar to Marziliano's. The memorandum continued:
 
 
 19
 If the Court is not disposed to determine that the defendant has a meritorious defense by this brief listing of cases in support of his position, and thus grant his Rule 55(c) motion, the defendant respectfully contends that he should be at least allowed sufficient time to fully brief the issues presented by plaintiff's motion and the Court should stay final judgment by the Clerk of this Court.
 
 
 20
 In a memorandum endorsement dated November 19, 1982 ("November 19 Order"), the court denied the Secretary's motion "as a matter of discretion." The order stated in pertinent part as follows:
 
 
 21
 The within motion is denied as a matter of discretion. The moving affidavit, taken as true, does not justify movant's neglect.
 
 
 22
 The Social Security Act is supposedly a remedial statute, intended to relieve the needs of the poor, the sick and the disabled.... [O]ur citizens who seek [judicial] review [of the Secretary's disability determinations] should be entitled to a prompt adjudication of their cases. The Government as a litigant has no greater right to be lackadaisical than any other party to a civil lawsuit.
 
 
 23
 The motion in this case had a fixed return date of November 8, 1982 for submission. If, as appears from the moving affidavit, a stipulation of adjournment had been agreed upon by the attorneys unbeknownst to the Court but had not been filed, and movant's attorney knew that it had not been filed, as the within affidavit admits, then he had a duty to attend at Court on the return date of the motion and apply for an enlargement of time on the record. If he was unwilling or unable to do this, at the very least the attorney for movant could have telephoned our Chambers and advised staff, which answers the telephones in person and not by machine, that this motion had been adjourned, and that a stipulation was on its way.
 
 
 24
 While Social Security claimants and their attorneys, cast as they often are in the role of suppliant, can be expected to exchange professional courtesies with Government attorneys and consent to adjournments without limitation in the manner of Alphonse and Gaston, this Court cannot and will not do so. Our duty is to manage our docket in a professional way, so that return dates of motions possess significance. Such dates must be complied with unless relief is obtained therefrom by timely application to the Court. Putting it most simply, the Secretary's counsel ignored his obligation to inform the Court in this matter. He shows no legitimate excuse for this neglect. Our duty to this litigant, and other litigants who would like to receive prompt justice in similar matters, requires us to adhere to a basic principle that motions returnable before the Court must be answered on the return date unless previously thereto, a stipulation adjourning the motion has been delivered to the Court and if such delivery is inconvenient we have at least received telephone advice thereof.
 
 
 25
 The motion is denied.
 
 
 26
 November 19 Order (emphasis in original).
 
 
 27
 Judgment was entered in December 1982, awarding Marziliano fees and costs totaling $3,208.25, plus post-judgment interest. This appeal followed.
 
 II. DISCUSSION
 
 28
 On appeal the Secretary mounts two attacks on the judgment below. She contends principally that the district court abused its discretion in refusing to set aside the entry of default pursuant to Fed.R.Civ.P. 55(c). In addition, in an argument not made in the district court, the Secretary contends that Fed.R.Civ.P. 55(e) precluded entry of a default judgment against the government because Marziliano was not "in fact" entitled to an award of fees. Our consideration of these arguments is complicated somewhat by two doctrinal developments subsequent to the completion of the proceedings below. In May 1983, the Supreme Court reversed our decision in Campbell and ruled that the Secretary may rely on the Guidelines in determining the availability of alternative employment in the economy rather than introducing other evidence to that effect. Heckler v. Campbell, --- U.S. ----, 103 S.Ct. 1952, 1957-59, 76 L.Ed.2d 66 (1983). And in July 1983, this Court ruled that a social security claimant whose case is merely remanded to the Secretary for the taking of additional evidence on her claim for disability benefits is not a "prevailing party" within the meaning of EAJA. McGill v. Secretary of Health and Human Services, 712 F.2d 28, 30-32 (2d Cir.1983).
 
 
 29
 For the reasons below we conclude that the district court did not abuse its discretion in refusing to set aside the entry of default pursuant to Rule 55(c), and that Rule 55(e) did not preclude entry of the default judgment.
 
 A. Rule 55(c)
 
 30
 Fed.R.Civ.P. 55(a) provides that a default may be entered against a party against whom a judgment for affirmative relief is sought and who "has failed to plead or otherwise defend." Fed.R.Civ.P. 55(c) provides that the court may set aside an entry of default "[f]or good cause shown."[2]
 
 
 31
 A motion under Rule 55(c) to set aside an entry of default is addressed to the sound discretion of the district judge. Traguth v. Zuck, 710 F.2d 90, 94 (2d Cir.1983); 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure Sec. 2693, at 472-77 (1983). Because the trial judge is " 'the person most familiar with the circumstances of the case and is in the best position to evaluate the good faith and credibility of the parties,' " Davis v. Musler, 713 F.2d 907, 912 (2d Cir.1983) (quoting 10 C. Wright, A. Miller & M. Kane, supra, Sec. 2693, at 475), a reviewing court will defer to his decision unless it is clearly wrong. Davis v. Musler, supra, 713 F.2d at 912.
 
 
 32
 Because Rule 55(c) does not define "good cause," this Court has established three criteria to be analyzed by a district court in deciding whether to set aside an entry of default: whether the default was willful, whether the moving party has presented a meritorious defense, and whether setting aside the default would prejudice the party who secured the entry of default. Traguth v. Zuck, supra, 710 F.2d at 94; Meehan v. Snow, 652 F.2d 274, 277 (2d Cir.1981); accord Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 373 (D.C.Cir.1980). We have recently emphasized the importance of having the district court explain its ruling within the framework of these criteria, see Davis v. Musler, supra, and we reiterate that importance here, since our review of the district court's denial of the Secretary's Rule 55(c) motion in this case is made more difficult by the failure of the district court to discuss these criteria explicitly in its November 19 Order. Nonetheless, we conclude that it is possible to infer from the record in this case that the court found that the appropriate criteria were met.
 
 
 33
 First, it is plain that the district court believed the Secretary's default was willful. The court remarked that Nisselson knew on the return date of the fee motion that the stipulation extending the Secretary's time to respond to the motion had not been filed, and that Nisselson had "simply ... ignored his obligation to inform the Court" of the stipulation. November 19 Order. These facts were established by Nisselson's affidavit. No explanation was ever offered for Nisselson's failure to inform the court and thereby avoid defaulting. The record thus amply supported a finding that the default was willful.
 
 
 34
 While the November 19 Order says less as to whether or not the Secretary's motion presented a meritorious defense, we infer from the court's emphasis on its duty to do justice to the litigants before it that the court was unpersuaded as to the merits of the Secretary's defense. Indeed, we think it would have been difficult for the court to conclude that the Secretary had presented a meritorious defense in light of the weak showing that was made. Although a party seeking to vacate a default need not conclusively establish the validity of his defense, see Davis v. Musler, supra, 713 F.2d at 916, the presentation by the Secretary, made more than a week after Nisselson learned of the entry of default, was extremely superficial and unusually equivocal. Nisselson's affidavit merely stated that the fee motion raised "substantial issues of law" (Nisselson Aff. p 2) and that the Secretary "[... may have a meritorious defense to plaintiff's motion]." (Id. p 5; brackets in original; emphasis added.) The accompanying memorandum stated only that "[a] number of courts have recently ruled against applications similar to plaintiff's," citing three cases from other districts; and it acknowledged that a decision in the Southern District of New York supported Marziliano's motion. Thus we can find no fault with the district court's implicit ruling that the Secretary had failed to present a meritorious defense to the fee motion.
 
 
 35
 We are not persuaded that we should reach a different conclusion on the basis of the later decisions of the Supreme Court in Heckler v. Campbell, supra, and this Court in McGill v. Secretary of Health and Human Services, supra. Though these decisions have now made it clear that a claimant in Marziliano's position is not entitled to an award under EAJA, they were not rendered until some six and eight months, respectively, after the Secretary's motion. The district court was required to evaluate the merit of the Secretary's position as of the time the Secretary sought relief from her default.
 
 
 36
 Finally, the court appears to have rejected the suggestion that merely because Marziliano had agreed to grant the Secretary an extension she would not be prejudiced by the delay resulting from a vacation of the default. The court indicated its view that claimants for social security benefits should receive prompt adjudication of their claims for relief and suggested that such claimants and their counsel may well yield to the Secretary's requests for adjournments because they are "cast ... in the role of suppliant." Whether or not this amounts to a finding that setting aside the default would prejudice Marziliano, we are disinclined to disturb the district court's ultimate decision. Given (a) the unimpeachable conclusion that the default was willful and (b) the Secretary's failure to make any reasonable showing that she had a meritorious defense to the fee motion, we believe it was within the court's discretion to consider the stipulation alone an inadequate basis for vacating the default. In sum, we cannot say that the district court's denial of the Secretary's Rule 55(c) motion was not an appropriate exercise of its discretion within the framework envisioned by our cases.
 
 
 37
 We turn now to the question whether Rule 55(e) precluded the entry of the default judgment.
 
 B. Rule 55(e)
 
 38
 Fed.R.Civ.P. 55(e), which limits the availability of default judgments against the government, provides as follows:
 
 
 39
 No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes his claim or right to relief by evidence satisfactory to the court.
 
 
 40
 The Secretary argues that this rule precluded entry of the judgment awarding Marziliano attorney's fees because Marziliano was not a "prevailing party" within the meaning of EAJA and because the Secretary was "substantially justified," within the meaning of the same statute, in refusing to follow this Court's then-unreversed decision in Campbell in denying Marziliano benefits.
 
 
 41
 We note at the outset that it has been questioned whether Rule 55(e) was intended to be applied only in a situation where the government has failed to answer or otherwise move against a complaint, or was intended to be applied also to less cosmic defaults such as a failure to comply with a discovery order, or failure to obey a court order to hold an administrative hearing. Compare Giampaoli v. Califano, 628 F.2d 1190, 1193 (9th Cir.1980) (rule applies only where "government has altogether failed to respond"), with Campbell v. Eastland, 307 F.2d 478 (5th Cir.1962) (rule applies to government refusal to comply with discovery orders), cert. denied, 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963); see 10 C. Wright, A. Miller & M. Kane, supra, Sec. 2702, at 548 (rule should "preclude any default judgment for procedural violations by the United States" (emphasis in original)). Regardless of the applicability of the rule to other types of intermediate proceedings, we are persuaded that the rule should be applied to a motion of the type at issue here. The rationale underlying Rule 55(e) is that the government is sometimes slow to respond and that the public fisc should be protected from claims that are unfounded but would be granted solely because the government failed to make a timely response. See, e.g., Giampaoli v. Califano, supra, 628 F.2d at 1193-94. This rationale is fully applicable to a motion whose explicit goal is to require the government to make a payment to the moving party. Accordingly, we conclude that Rule 55(e) was applicable to Marziliano's motion for attorney's fees and costs.
 
 
 42
 On the record before us, we have no reason to believe that the requirements of Rule 55(e) were not satisfied. Rather, there is an adequate basis in the record for inferring that the district court believed that one in Marziliano's position was entitled to an award of fees and costs under EAJA and that it was satisfied with the evidence submitted by Marziliano in support of the amount demanded.
 
 
 43
 As to the legal underpinnings of the fee motion, it is clear that Judge Brieant concluded that Marziliano's claim for disability benefits was "controlled by Campbell." September 27 Decision at 2. Thus, Marziliano had prevailed in her effort to set aside the Secretary's decision as not supported by substantial evidence. Marziliano cited the court to Ocasio v. Schweiker, supra, 540 F.Supp. 1320, a Southern District of New York decision that supported her contention that this success entitled her to an award of fees and costs under EAJA. Although the Secretary, in opposition, cited three cases from other districts in which a claimant who had secured a remand for further proceedings rather than an immediate award of benefits was denied an EAJA award, the Secretary also acknowledged Ocasio. Since the only case on the issue in the Southern District was one in which such a claimant was held entitled to fees under EAJA, it is reasonable to infer that Judge Brieant was satisfied that EAJA permitted the requested award.
 
 
 44
 Further, there seems to be little question that there was an adequate factual basis for Marziliano's claim for attorney's fees. Marziliano was represented by counsel, who, inter alia, reviewed the administrative record, filed the complaint, moved for judgment on the pleadings, and opposed the Secretary's motions. The motion was supported by the affidavit of Marziliano's counsel which amply detailed counsel's qualifications, the tasks performed in prosecuting Marziliano's action for judicial review, and the amount of time spent on each task. Rule 55(e) did not require the court to hold a hearing on this motion. In ruling on a fee motion in the absence of any default the district judge rarely holds an evidentiary hearing. Rather he normally reviews the information presented in the moving party's affidavits, makes his own evaluation of such questions as the degree of difficulty of counsel's tasks, and exercises his discretion in making an award. Having presided over the present case since its inception, Judge Brieant plainly was in a position to make such an evaluation and to reduce the award to an amount below that sought if he was dissatisfied with the evidence presented in support of the motion. The November 8 Order stated that the motion was granted, and that "legal fees [were] fixed and allowed in the amount requested," thus suggesting that the court had considered the pertinent questions of whether an award was appropriate and what amount was appropriate, and had found Marziliano's evidence sufficient to support an award in the amount requested.
 
 
 45
 We do not interpret Rule 55(e) to require an evidentiary hearing if one would ordinarily not have been held, nor to require the court to demand more or different evidence than it would ordinarily receive in order to make its decision. Indeed, it has been suggested in the context of this rule that "the quantum and quality of evidence that might satisfy a court can be less than that normally required." Alameda v. Secretary of Health, Education and Welfare, 622 F.2d 1044, 1048 (1st Cir.1980). On the record before us, there is no basis for concluding that the district court was not satisfied with the proof before it, which was of the quantum and quality it would ordinarily receive. Accordingly, we conclude that Rule 55(e) did not preclude entry of the default judgment.
 
 CONCLUSION
 
 46
 The judgment of the district court is affirmed.
 
 
 
 [1]
 See Sherwin v. Secretary of Health & Human Services, 685 F.2d 1, 3-4 (1st Cir.1982); Santise v. Schweiker, 676 F.2d 925, 938 (3d Cir.1982); Frady v. Harris, 646 F.2d 143, 145 (4th Cir.1981); Salinas v. Schweiker, 662 F.2d 345, 347-49 (5th Cir.1981); Kirk v. Secretary of Health & Human Services, 667 F.2d 524, 530 (6th Cir.1981); Cummins v. Schweiker, 670 F.2d 81, 83 (7th Cir.1982); McCoy v. Schweiker, 683 F.2d 1138, 1144-46 (8th Cir.1982) (en banc)
 
 
 [2]
 Rule 55(c) also provides that if a judgment by default has been entered, the court may set it aside in accordance with Fed.R.Civ.P. 60(b)