**In re Donald McMAHON, Debtor.**

**John BOYAJIAN, Trustee, Plaintiff,**

v.

**Francis McMAHON, Defendant.**

Bankruptcy No. 8600514.
Adv. No. 880034.

United States Bankruptcy Court,
D. Rhode Island.

Dec. 21, 1988.

---

**256**

Louis A. Geremia, Quinn, Cuzzone & Geremia, Providence, R.I., for defendant.

John Boyajian, Boyajian, Harrington & Richardson, Providence, R.I., trustee.

## ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Heard on November 23, 1988 on defendant, Francis McMahon's, Motion to Reconsider this Court's September 21, 1988 denial of defendant's Motion to Vacate Entry of Default and the Objection of the Trustee. In support of his motion, defendant avers that his failure to timely answer was not willful and that he has a meritorious defense to the action, to wit: that Massachusetts requires a 21"E" Hazardous Waste Study to be performed before the Trustee can convey clear marketable title.

FED.R.CIV.P. 55(c), entitled "Setting Aside Default," provides in relevant part that "[f]or good cause shown the court may set aside an entry of default." This good cause standard contains a three part test: "(1) whether the default was willful; (2) whether the plaintiff would be prejudiced if the default should be set aside; and (3) whether the defendant has provided a meritorious defense to plaintiff's claim." J. Moore, *Moore's Federal Practice* ¶ 55.10[2], at 55–57 (2d ed. 1988); *Marziliano v. Heckler*, 728 F.2d 151 (2d Cir.1984). In the instant matter, and in light of our decision below, it is only necessary to consider the "meritorious defense" requirement.

Defendant relies exclusively on the premise that Massachusetts requires a seller to conduct a so-called 21"E" Hazardous Waste Study in order to deliver good, marketable title, and that the Trustee's failure to conduct such a study here is a meritorious defense to the Trustee's complaint seeking damages for McMahon's failure to purchase the property as agreed.[1] The defendant, however, provides no authority for this proposition and our independent review of MASS.GEN.L. ch. 21E (1988 Supp.) entitled "Massachusetts Oil and Hazardous Material Release Prevention Act," lends no support to McMahon's argument.[2] Nowhere in that chapter do we find a seller of property in Massachusetts required to perform such a hazardous waste study in order to convey good title. Even if the defendant is relying on MASS.GEN.LAWS ch. 21C, § 7 (1988 Supp.) entitled "License Requirements; Siting of Facilities" for this hazardous waste study requirement, he neither alleges that the property in question

---

1. The Trustee filed a complaint against McMahon on July 20, 1988 to recover the difference in purchase price of $210,000, which McMahon bid at auction, and $150,000, which the property eventually sold for, after McMahon's default.

2. The defendant failing to cite the relevant authority for the 21"E" Hazardous Waste Study, leaves us assuming that he is referring to MASS. GEN.L. ch. 21E (1988 Supp.).

harbors such disposed of hazardous wastes, nor that, if it does, that notice was not properly recorded in the correct registry of deeds as required by Section 7.[3] Moreover, we cannot presume these allegations on his behalf, particularly when he refers only to an ambiguous 21"E" Hazardous Waste Study.

The Trustee argues, correctly in our view, that *Juniper Development Group. v. Kahn, (In re Hemingway Transport, Inc.)*, 73 B.R. 494 (Bankr.D.Mass.1987) explicitly holds that no such study is required in order for a seller to deliver clear marketable title: "[t]he Trustee maintains that nothing in Chapter 21C or its legislative history suggests that this chapter was intended to impose a statutory duty on all sellers of real estate to conduct investigations for the purpose of discovering hazardous wastes. The Trustee adds that no case law exists permitting the sale of real estate to be voided pursuant to Chapter 21C. In the complete absence of authority for Juniper's (the buyer's) position, the Court agrees with the position advanced by the Trustee." *Id.* at 507. We find *In re Hemingway Transport, Inc., supra,* to be controlling on this issue, and conclude that the 21"E" Hazardous Waste Study relied upon by the defendant is not a meritorious defense to the Trustee's complaint.

Based on the foregoing, and because the defendant has failed to meet his burden to establish good cause for setting aside a default entry, it is ORDERED that the defendant's Motion to Reconsider be and hereby is DENIED.

3. MASS.GEN.L. ch. 21C, § 7 (1988 Supp.) provides, in relevant part that:
"... No land on or in which hazardous waste has been disposed, and no interest in such land, shall be conveyed or leased, and no such land shall be devoted to any use other than as a facility for such disposal, until notice of such disposal is recorded in the registry of deeds, or if the land affected thereby be registered land in the registry section of the land court for the district wherein the land lies."