**BOBROW GREENAPPLE & SKOLNIK, a Partnership Including a Professional Corporation, Plaintiff–Appellee,**

v.

**Geraldine WOODS and Robert Woods, Defendants–Appellants.**

**No. 531, Docket 88–7740.**

United States Court of Appeals, Second Circuit.

Argued Dec. 21, 1988.

Decided Jan. 9, 1989.

John M. Silvestri, Pittsburgh, Pa., (Geraldine and Robert Woods, pro se), for defendants-appellants.

Lawrence Greenapple, New York City (Bobrow Greenapple & Skolnik, Robert A. Korren, of counsel), for plaintiff-appellee.

Before FEINBERG, NEWMAN and ALTIMARI, Circuit Judges.

PER CURIAM:

Geraldine and Robert Woods appeal from an order of the United States District Court for the Southern District of New York, John M. Walker, Jr., J., dated June 30, 1988, denying their motion to set aside a default judgment. Appellee Bobrow Greenapple & Skolnik ("Bobrow"), a law firm, obtained a default judgment on August 28, 1987 for $18,151.20 in its suit against the Woodses for attorneys' fees. Less than a month after entry of the default, the Woodses moved to have the judgment set aside under Fed.R.Civ.P. 55(c) and 60(b). The district court denied the motion, holding that the Woodses were not entitled to relief because they failed to prove that their neglect had been excusable, even though they showed that they had a meritorious defense and that setting aside the judgment would not prejudice Bobrow.

Ordinarily, we would have simply affirmed on the basis of the district court's opinion. However, an issue was raised at oral argument as to whether the default had been properly entered with appropriate notice to the appellant, and whether the less stringent standard for relief from default pursuant to Fed.R.Civ.P. 55(c) was appropriate rather than the more stringent standard for setting aside a judgment pursuant to Fed.R.Civ.P. 60(b). See *Meehan v. Snow*, 652 F.2d 274 (2d Cir.1981). Accordingly, we requested letter briefs from the parties on these issues.

We are now satisfied that the default judgment was properly entered. As required by Local Rule 10(b) of the Southern District of New York, the application for entry of default was accompanied by a clerk's certificate of default. Neither Fed.R.Civ.P. 55(b)(2) nor Local Rule 10(b) requires that, before judgment can be entered, the clerk's certificate be served upon an opposing party who has not appeared. Fed.R.Civ.P. 77(d) expressly exempts the clerk from the obligation to serve notice of entry of orders on a party "in default for failure to appear." Moreover, default judgment was entered against the appellants in *Meehan* when they were only ten days late in serving their amended answer, despite their prior appearance in the action. In this case, the Woodses failed to make any appearance in the action, and never responded to any papers served upon them. Under these circumstances, the district court did not err in applying the more stringent standard of Fed.R.Civ.P. 60(b) to appellants' motion to set aside the default judgment.

AFFIRMED.