**FIRST INTERSTATE BANK OF OKLAHOMA, N.A., a national banking association, Plaintiff,**

**v.**

**SERVICE STORES OF AMERICA, INC., a Texas corporation, Defendant.**

**No. CIV–89–1987–A.**

United States District Court,
W.D. Oklahoma.

Dec. 13, 1989.

T.P. Howell and Joe E. Edwards, Edwards Sonders & Propester, Oklahoma City, Okl., for plaintiff.

Susie S. Pritchett, Claro & Johnston, Oklahoma City, Okl., for defendant.

---

## MEMORANDUM OF OPINION

ALLEY, District Judge.

On November 3, 1989, plaintiff filed its Complaint, and service was obtained on defendant by certified mail on November 6, 1989. Defendant's in-house counsel retained present counsel, Ms. Pritchett, during the week of November 20, 1989, due to in-house counsel's inability to promptly answer. Ms. Pritchett docketed the answer date as November 28, 1989, one day late. As reason for the mistake, Ms. Pritchett cites the intervening Thanksgiving holiday and serious family illness. When Ms. Pritchett discovered her mistake, she contacted Mr. Edwards, plaintiff's counsel, to request an extension of time to answer, only to learn Mr. Edwards had taken an entry of default earlier that same day. Mr. Edwards stated that his client would oppose any motion to set aside the default. On November 29, 1989, the next day, Ms. Pritchett filed an Application and Brief for Leave to Answer Out of Time, and a Motion and Brief to Vacate Entry of Default and/or to Set Aside Default Judgment. On December 4, 1989, this Court granted both of defendant's motions, and later that same day, defendant filed its Answer. The purpose of this Memorandum of Opinion is for the Court to express its extreme displeasure with the conduct of plaintiff's counsel in attempting to "snap-up" a default judgment.

■ Fed.R.Civ.P. 55(c) provides that "for good cause shown the court may set aside an entry of default...." A motion to set aside an entry of default is addressed to the sound discretion of the court. 10 C. Wright, A. Miller and M.K. Kane, *Federal Practice and Procedure* § 2696 (2d ed. 1983). Relief from an entry of default will be granted more readily and with a lesser showing than in the case of a default judgment. 10 C. Wright, A. Miller and M.K. Kane, *Federal Practice and Procedure* § 2692 (2d ed.1983). Three criteria are generally used to establish the "good cause" required under Rule 55(c): (1) whether the default was willful; (2) whether the moving party has presented a meritorious defense; and (3) whether setting aside the default would prejudice the party who secured the entry of default. *Marzili-*

*ano v. Heckler,* 728 F.2d 151, 156 (2d. Cir. 1984). *See also, In re Arthur Treacher's Franchisee Litigation,* 92 F.R.D. 398, 415 (E.D.Penn.1981).

■ On the facts of this case, the default was obviously not willful. Ms. Pritchett was retained only a week before the answer date, and the intervening holiday and a family illness mitigate against any finding of willfulness. More importantly, Ms. Pritchett initiated contact with Mr. Edwards when she discovered her error, and attempted to get the case "back on track" by offering to file an answer as soon as possible. Any willful behavior was on the part of Mr. Edwards who did not cooperate in good faith when only one day had elapsed after the answer date.

Second, defendant has made affirmative defenses of breach of fiduciary duty and bad faith breach of contract. Defendant has also asserted a counterclaim for breach of contract and fiduciary duty. These are meritorious defenses which if successful, may defeat, diminish, or offset plaintiff's recovery. Further, if the entry of default is not vacated, defendant may be foreclosed from litigating its counterclaim. These reasons are more than sufficient to find that defendant has presented meritorious defenses.

Third, plaintiff suffers absolutely no prejudice when there has been a lapse of only one day. On these facts, the mere idea of prejudice to plaintiff is so frivolous as to merit no further discussion.

■ Snapping up a judgment, as Mr. Edwards did here, is a practice widely condemned by this and other Courts. Resisting a motion to vacate, where entry of default was secured without notice to opposing counsel on the first day after the time to answer had lapsed, is in the Court's view a practice inconsistent with the standards of professionalism which this Court desires and expects to be observed on the part of its officers in the bar. Conduct of this nature only reinforces stereotypical attitudes about the lawyer who plays "hardball" at any cost, and does precious little to promote the interests of the clients or integrity of the profession he has sworn to

serve. This Court will not tolerate such conduct.

It is so ordered.