Alfred **FERRARO**, Richard Hiller, Richard Hiller as Custodian for Tricia Hiller, Richard Hiller as Custodian for Randi Hiller, Louis Miller, Edward Orza and Joseph Pasquino, Plaintiffs,

v.

Lester **KUZNETZ**, Philips, Appel & Walden, Inc. and Muller and Company, Inc., Eddie Muller and Robert Blatt, Defendants.

**No. 87 Civ. 5735 (RPP).**

United States District Court, S.D. New York.

June 11, 1990.

Bruce S. Schaeffer, New York City, for plaintiffs.

David H. Klein, Yorktown Heights, N.Y., for individual defendants.

Richard B. Herman, New York City, for corporate defendants.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

These are motions by plaintiffs, pursuant to Federal Rule of Civil Procedure 55(b)(2), for the entry of a default judgment, and by defendants, pursuant to Federal Rule of Civil Procedure 55(c), to set aside entry of a default judgment for good cause.

### Background

This is an action for damages brought pursuant to Sections 10(b) and 20 of the Securities Exchange Act, as well as RICO, 18 U.S.C. §§ 1962(b), (d) and 1964(c), and the common law of fraud and fiduciary duties. Mr. Eddie Muller and Mr. Robert Blatt (the individual defendants) were executives in the now defunct brokerage firms of Muller & Company, Inc. and Philips, Appel & Walden, Inc. (the corporate defendants). Mr. Lester Kuznetz (Kuznetz) was an employee of Philips, Appel & Walden, Inc. From 1984 through 1986, Kuznetz allegedly fraudulently induced plaintiffs to purchase securities in Multisolutions, Inc. (Multisolutions). The individual defendants allowed Kuznetz to continue his sales despite an order from the firm's Compliance Director, dated May 24, 1984, and prior proceedings against Kuznetz before the SEC. This action was filed in August 1987

and was amended in April 1989 to add the individual defendants.

The motions currently before the Court stem from an Order signed by the Court on April 23, 1990, stating:

> [T]he Court finds all defendants have defaulted in complying with an acknowledged order of the Court. Such action constitutes a failure to defend under Rule 55(b)(2) of the Federal Rules of Civil Procedure. Judgment will be entered against the defendants and in favor of plaintiffs upon five days notice to defendants within ten days of the entry of this Order.

Order of April 23, 1990 at 2. On April 27, 1990, plaintiffs filed a notice of application for default judgment and set May 4, 1990 as the return date. On May 3, 1990, the individual defendants filed an order to show cause why a default judgment should not be entered. On May 7, 1990, the Court heard oral argument from counsel for the plaintiffs, individual defendants, and corporate defendants, respectively, on the merits of plaintiffs' application and defendants' order to show cause. On May 11, 1990, the Court received an affirmation from the corporate defendants' counsel further elaborating opposition to the application for a default judgment. On May 15, 1990, the Court received a final set of memoranda and affidavits from counsel for the individual defendants.

### Discussion

The application for entry of a default judgment is based upon the failure of any defendant either to cooperate in the preparation of a pre-trial order proposed by plaintiff or to file a pretrial order by the deadline of April 10, 1990 (or at any time thereafter) as ordered by the Court on March 12, 1990; the failure of the corporate defendants to appear at the pretrial conference on April 23, 1990; and the noncompliance of defendants with plaintiffs' requests for discovery. Defendants do not dispute those obstructionist acts can constitute sufficient grounds for the Court to enter a default judgment in its discretion under Federal Rule of Civil Procedure 55(b)(2).[1] *See, e.g., Brock v. Unique Racketball and Health Clubs, Inc.,* 786 F.2d 61, 64 (2d Cir.1986) ("a trial judge, responsible for the orderly and expeditious conduct of litigation, must have broad latitude to impose the sanction of default for non-attendance occurring after a trial has begun"); *Dow Chemical Pacific Ltd. v. Rascator Maritime, S.A.,* 782 F.2d 329, 336 (2d Cir. 1986) (failure to comply with court's order to obtain new counsel is grounds for entry of default judgment); *McGrady v. D'Andrea Electric, Inc.,* 434 F.2d 1000 (5th Cir. 1970) (defendant's failure to appear at pretrial conference or otherwise comply with court orders is sufficient grounds for district court to order entry of a default); 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2693 (default required in certain instances to maintain "an orderly, efficient, judicial system.").

Defendants rely on Federal Rule of Civil Procedure 55(c), which provides that entry of a default may be set aside "[f]or good cause shown." The Rule 55(c) "good cause" standard for "set[ting] aside an entry of a default" is more liberal than the Rule 60(b) standards for vacating or opening a default judgment which has already been entered. *Bobrow Greenapple & Skolnik v. Woods,* 865 F.2d 43, 44 (2d Cir.), cert. denied, —— U.S. ——, 109 S.Ct. 3188, 105 L.Ed.2d 696 (1989); *Feliciano v. Reliant Tooling Co., Ltd.,* 691 F.2d 653, 656 (3d Cir.1982) (citing 10 Wright, Miller & Kane, *supra,* at § 2696). Courts in the Second Circuit determine whether "good cause" exists under Rule 55(c) by considering the following three factors: "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *In re Men's Sportswear, Inc.,* 834 F.2d 1134, 1138 (2d Cir.1987). A district court's consideration of these three factors is subject to discretion and must be governed by the court's personal familiarity with the circumstances of the case. *Id.* at 1138–39 (citing *Marziliano v. Heckler,* 728 F.2d

---

**1.** In addition, Federal Rule of Civil Procedure 37(b)(2)(C) provides that a court can strike a party's pleadings or enter default judgment for failure to comply with a discovery order.

151, 156 (2d Cir.1984) and *Davis v. Musler,* 713 F.2d 907, 912 (2d Cir.1983)); *Brock,* 786 F.2d at 64; Wright, Miller & Kane, *supra,* at § 2685 (district judge's "personal judgment" and discretion set standard for whether default is warranted).

1. *Whether the Default Was Willful or the Product of Excusable Neglect*

A lawyer is presumably well aware of the dangers of ignoring court orders. *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.,* 840 F.2d 685, 690 (9th Cir.1988). Here, there were three Court orders with which the defendants failed to comply.

a. Pretrial Order

■ The parties' timely completion of a joint pretrial order is essential to a trial court's capacity to maintain its trial calendar in an efficient manner and to maximize its time at trial for the ultimate benefit of all litigants requiring resolution of their disputes by trial. The Court ordered on March 12, 1990 that a joint pretrial order be submitted by April 10, 1990. Defendants affirm that on March 29, 1990 they received a proposed pretrial order from plaintiffs. Klein Aff. at 10 ¶ 27 (May 3, 1990).[2]

On April 10, 1990, the date on which the pretrial order was due, counsel for the individual defendants, David H. Klein, Esq., sent a letter to the Court stating "that it is impossible for the defendants to draft a pre-trial order due to unforeseen circumstances which would be difficult to express without violating ethical considerations." The letter went on to state that another firm "may be taking over the defense of this litigation from us" and that further explanation would "hopefully" be offered at the pre-trial conference scheduled for April 23, 1990. The Court received no correspondence from counsel for the corporate defendants. At the pre-trial conference on April 23, 1990, Edmund F. Wolk, Esq., of

counsel to Mr. Klein, appeared but was unable to provide any explanation of Mr. Klein's letter of April 10, 1990.

The corporate and individual defendants now offer the following explanation. After the corporate defendants stopped doing business, but after this action was commenced, the records of Multisolutions sales pertinent to this action were gathered by J. Jerome Olitt, Esq., the general counsel for the corporate defendants and counsel for defendants in this matter at that time. Mr. Olitt claims to have left the corporate records behind in an office for which the corporations stopped paying rent. Understandably, the landlord repossessed the abandoned office and cleaned it for occupancy. Mr. Olitt contends that the landlord disposed of the files left behind. Klein Aff. at 5, ¶ 7 (May 3, 1990). Defendants maintain that Mr. Olitt is the only person who is familiar with the contents of those destroyed records and that the contents of those records is crucial to the preparation of a pre-trial order.

On April 10, 1990, life was not treating Mr. Olitt very well. He has been the subject of disciplinary proceedings before the New York State Appellate Division's Disciplinary Committee since the late 1970's. Schaeffer Aff. at 2, ¶ 4 (Feb. 3, 1989). The New York State Appellate Division informs the Court that Mr. Olitt was disbarred by the First Department on March 9, 1989. In October 1989, a hearing was held to ascertain "the measure of discipline which should be imposed upon Mr. Olitt for his conviction of contempt of court." Klein Aff. at 7, ¶ 15 (May 3, 1990). On January 29, 1990, a recommendation against imprisonment was made by a referee. *Id.* at 9, ¶ 23. On an unspecified date thereafter, "the Departmental Disciplinary Committee cross-moved to disaffirm the recommendation of no imprisonment." *Id.* at 9, ¶ 25. Oral argument on that cross-motion was scheduled for March 26, 1990 and then postponed to April 17, 1990. *Id.* Mr. Olitt was reported to be "emotionally dis-

---

**2.** Counsel for the corporate defendants affirms: With respect to my failure to submit a pretrial order[,] I am compelled to rely upon and concur with the information presented in Mr.

Klein's moving papers submitted before this Court [on behalf of the individual defendants].

Herman Aff. at 3, ¶ 4 (May 9, 1990).

traught" by the filing of the cross-motion. *Id.* at 10, ¶ 26. Defendants contend that Mr. Olitt was so distraught that he could not help them with the pre-trial order and that it would have violated ethical considerations to bring this fact to the Court's attention.

First, the Court doubts whether Mr. Olitt was in a catatonic state such that he could not communicate to defendants' counsel for a two week period. In the affidavit submitted by Frederick H. Block, Esq., a respected member of the bar of this Court and Mr. Olitt's counsel in the disciplinary proceedings, he swore that Mr. Olitt was "emotionally distraught" after learning of the cross-motion, but crossed out the adjective "noncommunicative." Block Aff. at 2, ¶ 6 (May 3, 1990).

Second, even if Mr. Olitt was noncommunicative, the attorneys had an affirmative duty to have conferred with him about his knowledge much earlier. Mr. Olitt had resigned as attorney in this matter in March 1988. If his knowledge is in fact the crux of the defense, then counsel should not have waited until the day that the pre-trial order was due to consult with him about the entirety of his knowledge. Counsel were especially negligent in this delay because it was known all along that Mr. Olitt was subject to disciplinary proceedings and would possibly be unable to be helpful at times.

Third, Mr. Olitt's severe emotional problems set in when the cross-motion was filed, a date which is much earlier than the date on which the pre-trial order was due. However, counsel took no action before April 10.

Fourth, the Court finds that no ethical breach would have occurred had counsel informed the Court that Mr. Olitt was too distressed to assist with the writing of the pre-trial order and that the suggestion of the existence of an ethical problem was deliberately misleading. The only possible ethical breach which would have arisen from revealing that the pre-trial order could not be written because Mr. Olitt was distraught is that it could have led to the conclusion that Mr. Olitt was still in effect the attorney in charge of this litigation.

The failure of counsel for the corporate and individual defendants to submit a pre-trial order was a willful act and not the product of excusable neglect.

### b. Pre-trial Conference

█ On April 20, 1990, the Court received a letter from Mr. Klein expressing a lack of certainty as to whether the pre-trial conference had been scheduled for April 23, 24, or 26; and requesting an adjournment until after April 25, 1990. The Court memo endorsed the letter that day, denying the request for an adjournment and clarifying that the "conference remains scheduled for 4/23/90 at 9 AM," as was originally ordered in March. Later on April 20, 1990, Mr. Klein received a call from Chambers informing him of the memo endorsement's contents and ordering him to inform the other parties. Klein Aff. at 11, ¶ 30 n. 7 (May 23, 1990). Plaintiffs' counsel affirms that the office of Mr. Klein called him to relate the contents of the memo endorsement. Schaeffer Aff. at 8, ¶ 30 (May 7, 1990). However, Mr. Klein concedes that his office never informed counsel for corporate defendants of the memo endorsement. Def. Memo. at 20 (May 2, 1990). On April 23, 1990, counsel for the corporate defendants did not make an appearance at the pre-trial conference.

Counsel for the corporate defendants explains his failure to appear by claiming that the original pre-trial conference was scheduled for April 23 at 4:00 P.M. and that he was never contacted by Mr. Klein that the memo endorsement mandated that the pre-trial conference take place at 9:00 A.M. Although the Court's records show that the originally scheduled time was 9:00 A.M., the Court recognizes that it is possible for counsel for the corporate defendants to have made the unintentional error of writing 4 instead of 9. What is inexcusable is Mr. Klein's admitted failure to contact the counsel for the corporate defendants to inform him of the contents of the memo endorsement. A pre-trial conference is a vehicle integral to the orderly administra-

tion of a trial court's calendar. Mr. Klein's failure to call counsel for the corporate defendants impeded this process. Mr. Klein has offered no excuse for his neglect and therefore the Court finds that it was a willful act.[3]

### c. Non-compliance with Discovery Demands

■ On March 12, 1990, the Court denied plaintiffs' motion for sanctions for defendants' failure to cooperate in discovery, without prejudice to bringing the motion for sanctions again should there be another failure by defendants to comply with proper discovery requests. The Court entered an order requiring defendants "to produce all files in any way pertaining to Lester Kuznetz and Multisolutions within ten days of the entry of this order." Defendants have yet to comply with this order. On this motion, defendants present the excuse that the documents were destroyed by the landlord.

A party's destruction of material evidence can constitute grounds for entrance of a default judgment under Rule 37(b). However, the destruction must be deliberate. *Nittolo v. Brand,* 96 F.R.D. 672, 676 (S.D.N.Y.1983). The corporate defendants abandoned their office and left the records behind while this litigation was pending. The corporate defendants are brokers and have fiduciary duties to their customers. *See Ross v. Bolton,* 904 F.2d 819, 822 (2d Cir.1990) ("broker's ordinary fiduciary duty to its customers"); *Armstrong v. McAlpin,* Fed. Sec. L. Rep. (CCH) ¶ 96,323, 1978 WL 1058 (S.D.N.Y.1978) (" '[T]he broker, by virtue of his position owes a fiduciary duty to his customer.' ") (quoting *Rolf v. Blyth Eastman Dillon & Co., Inc.,* 424 F.Supp. 1021, 1036 (S.D.N.Y.1977), aff'd in pertinent part, 570 F.2d 38 (2d Cir.1978)). Plaintiffs were their customers. Abandonment of their records constitutes willful destruction. It is required by 17 C.F.R. § 240.17a–4 that a brokerage firm preserve and maintain its records in safekeeping for six years, *cf. Fustok v. Conticommodity*

*Services, Inc.,* 618 F.Supp. 1082, 1088 (S.D. N.Y.1985) (broker has fiduciary duty to customers to perform acts required by Title 17 of C.F.R.), and these records were clearly relevant to a pending lawsuit.

### d. Conclusion

The corporate defendants and the individual defendants willfully failed to comply with the Court's order to submit a pre-trial order. There is also evidence that the individual defendants willfully interfered with the Court ordered pre-trial conference and that the corporate defendants interfered with discovery. If defendants' motion was premised on Rule 60(b)(2) (to vacate an already entered default judgment) then these findings would be sufficient grounds to support the entry of a default judgment. However, the Second Circuit requires district courts to consider two other factors before resolving a Rule 55(c) motion to set aside a not-yet-entered default. *See Bobrow, Greenapple & Skolnik v. Woods, supra.*

### 2. *Whether Setting Aside the Default Would Prejudice Plaintiffs*

■ Plaintiffs have not presented an argument that they would be substantially prejudiced if the entry of the default were set aside. "Concededly, some delay will result if defendants' motion is granted. Yet, delay alone is not a sufficient basis for establishing prejudice." *Davis v. Musler,* 713 F.2d 907, 916 (2d Cir.1983).

### 3. *Whether There Is Meritorious Defense in this Action*

■ To satisfy "good cause," defendants "need not conclusively establish the validity of [their] defense"; however, a "superficial" presentation is insufficient to satisfy the meritorious defense factor. *Marziliano,* 728 F.2d at 156. The defendant must present "some factual basis for the supposedly meritorious defense." *Robinson v. Bantam Books, Inc.,* 49 F.R.D. 139, 140–41 (S.D.N.Y.1970); *SEC v. Vogel,* 49 F.R.D. 297, 299 (S.D.N.Y.1969); 10 Wright, Miller

---

**3.** Mr. Klein, a single practitioner, did not attend court conferences, but assigned appearances to outside counsel, Mr. Wolk, who had been delegated only limited litigation responsibilities.

& Kane, *supra*, at § 2697; *see also Original Appalachian Artworks v. Yuil International Trading Corp.*, 105 F.R.D. 113, 117 (S.D.N.Y.1985) (explaining meritorious defense requirement in context of Rule 60(b) motion).

The individual defendants rely on the defense that they could not have committed any fraud because they acted at all times in good faith. They contend that they had no knowledge of, lacked any control over, and never participated in Kuznetz's allegedly fraudulent activities. The absence of corporate records makes it difficult to determine the degree to which defendants supervised Kuznetz as required by the Securities Exchange Act. *See Rolf v. Blyth, Eastman Dillon & Co., Inc.*, 570 F.2d 38, 44–48 (2d Cir.1978) (knowledge and assistance necessary for supervisor to be liable for aiding and abetting primary actor's securities fraud violations); *SEC v. Geon Industries*, 531 F.2d 39, 51–56 (2d Cir.1976); *see also Ross v. Bolton, supra*, 904 F.2d at 824 (citing *Armstrong v. McAlpin*, 699 F.2d 79, 91 (2d Cir.1983)). The corporate defendants' defense similarly relies on a portrayal of Kuznetz as an independent actor who was neither supervised nor committing fraud under the auspices of the corporation. *See* Herman Aff. at 3, ¶¶ 5–6 (May 9, 1990).[4]

Plaintiffs counsel responds, "This is a lie and is clearly controverted by the facts." Schaeffer Aff. at 5, ¶ 20 (May 7, 1990). If plaintiffs' counsel's statement is correct then defendants cannot satisfy the meritorious defense prong of Rule 55(c)'s "good cause" requirement.

The papers of the corporate and individual defendants both make reference to evidence in their possession which would have been presented at trial in support of the validity of their defenses. Since the Court does not have in its possession all of the evidence purportedly in each party's possession it cannot at this time make a ruling on whether a meritorious defense exists.

### 4. *Reference to a Magistrate*

Since there were willful acts of default by defendants and setting aside the entry would not prejudice the plaintiffs, this Rule 55(c) motion hinges on the meritorious defense factor. The most efficient way to resolve the meritorious defense issue would be to have each side make an evidentiary presentation before a magistrate and have the magistrate decide whether the defendants possess a "substantial meritorious defense," *Williams v. Ward*, 556 F.2d 1143, 1149 (2d Cir.), cert. denied, 434 U.S. 944, 98 S.Ct. 469, 54 L.Ed.2d 323 (1977), or whether the claims made in defendants' papers on these motions are just "spurious." *In re Men's Sportswear*, 834 F.2d at 1139.[5] Such a hearing is consistent with the following provision of Rule 55(b)(2):

> If, in order to enable the court to enter a judgment or to carry it into effect, it is necessary to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and

---

**4.** The complaint alleges that the individual defendants "aided and abetted" Kuznetz in his wrongful acts. Am. Comp. at 5, ¶ 15A. Although the Complaint may fail to allege with particularity the individual defendants' acts of fraud, defendants have never moved to dismiss the complaint for such a deficiency. Defendants assert on this motion that the complaint is inadequate for lack of particularity. However, this would not constitute a meritorious defense at trial because the pleadings would be deemed amended by the proof.

**5.** It appears doubtful that a meritorious defense can be demonstrated by defendants due to the

destruction of the corporations' records on the activities of Kuznetz and on the level of supervision of this sales representative who was known to have a questionable record as a sales representative. *See Rolf v. Blyth, Eastman Dillon & Co., Inc., supra* (recklessness of supervision can satisfy scienter requirement for aiding and abetting liability for securities fraud); *see also Ross v. Bolton, supra*, 904 F.2d at 824. Compliance with fiduciary duties seems hard to establish when the fiduciary duty to maintain records has also been violated. However, if plaintiffs cannot come forward with evidence sufficient to support a prima facie case, then defendants possess a meritorious defense.

as required by any statute of the United States.[6]

If the magistrate finds that there is no meritorious defense, then the entry of a default judgment is warranted and the magistrate should proceed to conduct a hearing on the appropriate level of damages. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61 (2d Cir.1981).[7]

The above entitled action is referred to the District Court Executive for assignment to a magistrate for the purpose described above.

IT IS SO ORDERED.

---

**6.** There are no such statutes applicable in this case.

**7.** Defendant Kuznetz has failed to reply to plaintiffs' motion and has failed to answer either the complaint or amended complaint. However, the Court refrains from entering a default judgment against Kuznetz at this time because plaintiffs have not submitted proof of service upon Kuznetz.