07-5604-cv
The Travelers Indemnity Company v. Kabir

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of March, two thousand and ten.

PRESENT:

> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> *Circuit Judges*,
> EVAN J. WALLACH,
> *Judge*.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE TRAVELERS INDEMNITY COMPANY,

*Plaintiff-Appellee*,

v.                                                                No. 07-5604-cv

MOHAMMED H. KABIR,

*Defendant-Appellant*,

Surma Bergum, Mohammed Ali Hossain, Farbin Akter, Mohammed Lutful, Sufia Begum, Begum Mowla, Mohammed Aziz Ullah, Zohora Begum, Rafiqual Islam, J B C Contracting Co. Inc.,

*Defendants*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\* The Honorable Evan J. Wallach, of the United States Court of International Trade, sitting by designation.

1

FOR APPELLANT:             Mohammed H. Kabir, *pro se*, Brooklyn, New York.

FOR APPELLEE:              Richard S. Mills and Scott A. Levin, McElroy, Deutsch,
                           Mulvaney & Carpenter, LLP, New York, NY.

Appeal from a November 2, 2007 order of the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

Appellant Mohammed H. Kabir, *pro se*, appeals an order denying his motion under Federal Rule of Civil Procedure 55(c) to vacate a May 2007 default judgment finding him liable for damages arising from his breach of an indemnity agreement executed between himself and The Travelers Indemnity Company. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"A motion under Rule 55(c) to set aside an entry of default is addressed to the sound discretion of the district judge." *Marziliano v. Heckler*, 728 F.2d 151, 156 (2d Cir. 1984). "Because the trial judge is 'the person most familiar with the circumstances of the case and is in the best position to evaluate the good faith and credibility of the parties,' a reviewing court will defer to his decision unless it is clearly wrong." *Id.* (quoting *Davis v. Musler*, 713 F.2d 907, 912 (2d Cir. 1983) (internal quotation marks omitted)).

Although Rule 55(c) does not define "good cause"—the requisite threshold for granting such a motion—we have advised district courts to consider three criteria in deciding a Rule 55(c) motion: (1) whether the default was willful; (2) whether the moving party has presented a meritorious defense; and (3) whether setting aside the default would prejudice the party for whom default was awarded. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (discussing these three factors).

Here, the only argument Kabir raised in support of his Rule 55(c) motion was his allegation of a meritorious defense—namely, that he could not be held liable under the Agreement. In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the defendant need not establish his defense conclusively, but he must present credible evidence of facts that would constitute a complete defense. *See State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 167 (2d Cir. 2004). Moreover, we review a district court's factual findings in denying a Rule 55(c) motion for "clear error." Under this standard, we are "not allowed to second-guess either the trial court's credibility assessments or its choice between permissible competing inferences," *Ceraso v. Motiva Enterprises, LLC*, 326 F.3d 303, 316 (2d Cir. 2003), and "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous," *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985).

Our review of the record shows that the District Court did not abuse its discretion by denying Kabir's motion. The only evidence Kabir presented as to the invalidity of the agreement was his own testimony that the signature on the document—which he conceded resembled his own—was not, in fact, his, but rather was affixed thereupon by some unknown party. The District Court declined to credit this testimony, and in light of Kabir's unsupported and often contradictory account of the relevant events, we cannot conclude that the District Court's finding was clearly erroneous. Therefore, we affirm the Court's determination that Kabir failed to present credible evidence of facts that, if proven at trial, would constitute a complete defense. *See Street Bank*, 374 F.3d at 167.

We have considered all of Kabir's remaining arguments and have concluded that they are meritless.

## CONCLUSION

For the foregoing reasons, the November 2, 2007 order of the District Court is **AFFIRMED**.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court