16-1144-cv
*Jaramillo v. Vega*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand seventeen.

PRESENT:    RALPH K. WINTER,
            JOSÉ A. CABRANES,
            GERARD E. LYNCH,
                        *Circuit Judges.*

---

FERNAN JARAMILLO,

          *Plaintiff-Appellee,*             16-1144-cv

         v.

ARLES VEGA,

          *Defendant-Appellant.*[*]

---

**FOR DEFENDANT-APPELLANT:**        Arles Vega, *pro se*, Passaic, NJ.

**FOR PLAINTIFF-APPELLEE:**        Scott Laird, Sacco & Fillas, LLP, Astoria, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *Judge*).

---

[*] The Clerk of Court is directed to amend the official caption as set forth above.

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 18, 2016 Order of the District Court is **AFFIRMED**.

Defendant-appellant Arles Vega moved to vacate a default judgment entered against him, which obligated him to pay plaintiff-appellee Fernan Jaramillo, his former employee, approximately $42,000 for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and state law. Adopting Magistrate Judge Robert M. Levy's Report and Recommendation, which reasoned that Vega's default was willful, the District Court denied Vega's motion. Vega appeals, arguing, *inter alia*, that his default was not willful because he believed that the numerous documents he had received from the court related to a separate workers' compensation claim, for which Vega had counsel. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review for abuse of discretion a district court's denial of a motion to vacate a default judgment. *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). To determine whether to vacate a default judgment, a district court considers: "(1) the willfulness of default, (2) the existence of any meritorious defense, and (3) prejudice to the non-defaulting party." *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013). A court need not consider all three criteria, however, because its determination that the default was willful is sufficient to support the denial of a motion to vacate. *Bobrow Greenapple & Skolnik v. Woods*, 865 F.2d 43, 44 (2d Cir. 1989) (per curiam). A default is willful when the conduct is "'more than merely negligent or careless,' but is instead 'egregious and not satisfactorily explained.'" *Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (quoting *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)) (internal alterations omitted). Although more than mere negligence is required, "the degree of negligence in precipitating the default is a relevant factor to be considered." *Green*, 420 F.3d at 108 (quoting *Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir. 1996)) (internal quotation marks omitted); *see also Gucci Am. Inc., v. Gold Ctr. Jewelry*, 158 F.3d 631, 635 (2d Cir. 1998) (a finding of bad faith is not a necessary predicate for a finding of willfulness).

We conclude that the district court did not abuse its discretion by denying Vega's motion on the ground that his default was willful. Vega did not dispute that he had received and ignored numerous documents from the court, and his assumption that the documents were related to a pending workers' compensation action was more than mere negligence. *See Guggenheim*, 722 F.3d at 455 (holding a default "willful" where the defendant did not deny that he received the complaint, the court's orders, or the notice of default judgment and did not contend that his noncompliance was due to circumstances beyond his control).

2

**CONCLUSION**

We have considered all of Vega's arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the March 18, 2016 Order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk