**William E. BROCK, Secretary of Labor, United States Department of Labor, Plaintiff-Appellee,**

v.

**UNIQUE RACQUETBALL AND HEALTH CLUBS, INC., Seyd Khayami and John Gerweck, Defendants-Appellants.**

**No. 320, Docket 85–6077.**

United States Court of Appeals, Second Circuit.

Argued Oct. 23, 1985.

Decided March 11, 1986.

---

John E. Schaefer, Jr. and Robert S. Michaels, New York City, for defendants-appellants.

Claire Brady White, U.S. Dept. of Labor, Washington, D.C. (Francis X. Lilly, Sol. of Labor, Monica Gallagher, Acting Assoc. Sol., Linda Jan S. Pack, Counsel for Appellate Litigation, Patricia M. Rodenhausen, Acting Regional Sol., U.S. Dept. of Labor, Washington, D.C., on brief), for plaintiff-appellee.

Before OAKES, NEWMAN, and KEARSE, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

This appeal concerns the procedures to be followed in connection with the entry of a default during the course of a trial. Unique Racquetball and Health Clubs, Inc. and the two individuals who control the corporation's business, Seyd Khayami and John Gerweck, appeal from a default judgment entered by the District Court for the Eastern District of New York (Leonard D. Wexler, Judge) requiring them to pay their employees $257,709.63 for violations of the minimum wage, overtime, child labor, and recordkeeping provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (1982). The default was entered because of the failure of appellants' counsel to attend a resumption of a bench trial. Though we agree that counsel's conduct may be properly found to justify a default and entry of a default judgment, we conclude, for reasons that follow, that the matter must be returned to the District Court to afford defendants an opportunity to be heard with respect to the contents of the judgment.

Since the issues considered on this appeal do not concern the factual basis for the violations prosecuted by the Secretary of Labor nor the correctness of the computations of wages due the various employees, the facts need not be recounted. It suffices to note that the record contains abundant evidence supporting the Secretary's contention that numerous persons working for the defendants were employees not paid minimum wages nor overtime payments and were not independent contractors, as claimed by the defendants.

The circumstances leading to the entry of a default may be summarized as follows.

The suit was filed on March 15, 1982. Discovery proceedings ensued at a somewhat leisurely pace. After counsel for both sides had been alerted at a pretrial conference that a bench trial would begin in February or March 1985, counsel were specifically notified on February 1, 1985, that trial would begin on February 7. The District Court also scheduled a final pretrial conference for February 1 but was informed that counsel for defendants, John E. Schaefer, Jr., could not attend on that date. The conference was rescheduled for February 2. Schaefer told the Court he could not attend on that date because of a conférence scheduled that morning in Queens. The Court contacted Schaefer's office in Manhattan on the morning of February 2 and learned that Schaefer was then in his office. The pretrial conference was rescheduled for February 4. Schaefer told the Court he could not attend on that date. Schaefer attended a pretrial conference on February 5 and requested a postponement of the February 7 trial date, which was denied. He contacted the Court on the afternoon of February 6 and reported that one of his clients, Khayami, was ill and would not be available at the start of the trial.

The trial began on February 7. Schaefer requested an adjournment because of the absence of both Khayami, who he claimed was ill, and Gerweck, whom he claimed he had been unable to contact. Judge Wexler, after recounting Schaefer's prior lack of diligence in readying the case for trial and his efforts to postpone the trial, ordered that the trial commence, but stated that an adjournment would be granted to permit Khayami, whose testimony Schaefer said was vital, to testify. The Court heard testimony from the Secretary's witnesses on February 7 and 8. At that point the Court adjourned the trial, after ascertaining that Schaefer would inform the Court by February 19 as to Khayami's availability to testify. On the 19th Schaefer told the Court that Khayami was now well enough to testify and was available any date other than February 25. On February 21, Schaefer was informed that the trial would be re-sumed but on a date other than February 25.

In the late afternoon of February 25, the Court notified Schaefer's office that trial would be resumed the following day, February 26. His office reported an inability to locate Schaefer. On the morning of the 26th, Schaefer's office was again contacted by the Court and reported that Schaefer had not appeared at his office nor called his office. Judge Wexler ordered the case to proceed at 1:00 p.m. At that time, the Court was again in contact with Schaefer's office, which reported that Schaefer had telephoned from Manhattan, that he had been made aware of the resumption of the trial, and that he "may" or "may not" attend by 1:00 p.m. The District Judge made one more contact with Schaefer's office and was again given the equivocal report that Schaefer "may" or "may not" attend. Judge Wexler waited until 1:45 p.m., by which time Schaefer neither showed up, sent someone to cover for him, nor contacted the Court. Judge Wexler at that point declared a default and proceeded to take testimony from the Secretary's witnesses then in attendance. Their evidence during the remainder of the afternoon completed the trial record. At the conclusion of the testimony, Judge Wexler called upon counsel for the Secretary to submit a judgment.

On March 15, 1985, the Secretary sent to the Court and to Schaefer a "notice of settlement" with a set of proposed findings of fact, conclusions of law, and judgment. The notice scheduled the settlement for March 21. Schaefer avers that he received these documents on March 18. He promptly prepared and submitted to the District Court a proposed order that would have directed the Secretary to show cause why the default entered on February 26 should not be set aside. The proposed order would also have stayed proceedings concerning entry of judgment until the application to set aside the default was ruled on. Schaefer also submitted an affidavit endeavoring to explain his absence on February 26. He alleged that he never received

a message on February 25 from his office to appear before the District Court the following morning, that he attended a state court proceeding on the morning of February 26, and that he first became aware of the rescheduling for the resumption of the District Court action at 11:00 a.m. on February 26 when he called his office. He further stated that he told his office to tell the District Court he could not attend, that he called the District Court Clerk at 12:45 p.m. and got no answer, that he called again at 1:45 p.m. and 2:45 p.m. and received a busy signal on both occasions, and that he had "no choice but to assume my office had informed the Court of my schedule." Schaefer's proposed show cause order and accompanying affidavit were received by the District Court Clerk on March 20.

It is not clear whether anything occurred on March 21, the date scheduled for settlement of the judgment. On March 22, Judge Wexler signed the Secretary's proposed findings of fact, conclusions of law, and judgment, and the Clerk entered the judgment that day. On March 25 Judge Wexler denied Schaefer's application for a show cause order, thereby effectively denying his request to vacate the entry of default. Defendants appeal from the March 22 judgment.

### Discussion

■ The initial question is whether the District Judge erred either in entering a default on February 26 or in denying a request to vacate the default on March 25. Entry of default under Fed.R.Civ.P. 55(a) is proper whenever a defendant has failed to plead "or otherwise defend." A default once entered may be set aside for "good cause shown," Fed.R.Civ.P. 55(c), and a district judge has discretion in determining whether such cause has been shown. *Marziliano v. Heckler*, 728 F.2d 151, 156 (2d Cir.1984); *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir.1983). Among the relevant factors are whether the default was willful, whether the defaulted party has a meritorious defense, and whether the party obtaining the default will be prejudiced if the default

is set aside. *Marziliano v. Heckler, supra; Traguth v. Zuck, supra; Meehan v. Snow*, 652 F.2d 274 (2d Cir.1981).

■ This is not the typical Rule 55 case in which a default has entered because a defendant failed to file a timely answer, *e.g., Traguth v. Zuck, supra; Meehan v. Snow, supra*. Instead, this is the unusual case where a default is entered because counsel fails to appear during the course of a trial. In this context, a trial judge, responsible for the orderly and expeditious conduct of litigation, must have broad latitude to impose the sanction of default for non-attendance occurring after a trial has begun. Had this trial proceeded on consecutive days, there would be no question that counsel's failure to attend or to notify the Court promptly of a justification for absence would warrant entry of default. In the circumstances of this case, entry of default was equally appropriate, notwithstanding the interruption of the trial from February 8 until February 26.

The interruption occurred at Schaefer's request, to accommodate one of his clients. Schaefer told the Court on February 19 that trial could be resumed on any date other than February 25. Having given the Court that assurance, Schaefer became obligated to do two things: maintain the availability of himself or a colleague to appear when the trial resumed, and make arrangements to receive any notification given by the Court as to the date of resumption. He did neither. He undertook an assignment for February 26 without making any arrangement to have someone attend the resumed trial, and he became unavailable to receive a message given to his office during business hours on February 25. When Judge Wexler was informed on February 26 that Schaefer "may" or "may not" show up, he was entitled, having waited until 1:45 p.m., to enter a default. Moreover, nothing in Schaefer's affidavit submitted March 20 in an effort to have the default vacated required that remedy. No unavoidable circumstances had arisen to prevent Schaefer from fulfilling his obligation to attend the resumed trial or

to have a colleague appear for him. Nor do Schaefer's unsuccessful efforts to contact the Court on February 26 excuse his default. In the absence of a sufficient reason for failing either to attend or to send a colleague, Schaefer would not have been entitled to avoid the default or have it vacated even if his attempts to telephone the Court on February 26 had been successful; he had no exonerating message to convey.[1] Furthermore, his efforts to inform the Court were less than diligent. And he need not have "assumed" that his office had informed the Court of his schedule. He could have instructed his office to send someone at least for that limited purpose.

■ The next issue is whether Judge Wexler was entitled, after entry of the default, to proceed directly with the completion of evidence. In the context of a default entered for failure to plead, Rule 55 contemplates a hearing on at least three days' notice to determine the amount of damages for which judgment should be entered whenever that amount remains to be ascertained. Rule 55(b)(2). In that context, the default concludes the liability phase of the trial, and an "inquest" on damages occurs upon notice. *Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61, 65–66 (2d Cir.1981). However, that bifurcation is inapplicable when default occurs because counsel fails to attend during the course of a trial that has begun. When witnesses are in attendance, as was the case here, the trial court is entitled to take their testimony and proceed to complete the trial record.

■ The final issue is whether the District Court was entitled to enter judgment on March 22, after receipt of Schaefer's application to vacate the default but prior to ruling on that application. Normally, a party cannot prevent a scheduled event in the course of litigation simply by the act of filing a motion. Court proceedings remain scheduled until a court rules otherwise. It

was therefore imprudent for Schaefer to fail to attend on March 21, the date for which settlement of the judgment had been noticed, simply because he had received no ruling on his request to have the default vacated. However, we think it more compatible with the spirit of Rule 55 to afford a party that has moved to vacate a default a ruling on that request prior to entry of judgment. *See Meehan v. Snow, supra,* 652 F.2d at 276 ("[i]f that motion [to vacate a default] ... is unsuccessful, ... judgment by default may be entered"). Though Schaefer has lost the opportunity to affect the content of the trial record that was completed in his unjustified absence, he is entitled, after his challenge to the default has been rejected, to be heard concerning the nature and details of the judgment to be entered in light of that trial record.

Accordingly, we vacate the findings of fact, conclusions of law, and judgment entered on March 22 and remand to the District Court to afford the defendants a hearing concerning what findings of fact, conclusions of law, and judgment should be entered. This hearing will not be an occasion for reopening the trial record. The only matters to be considered are what findings and conclusions are proper in light of that record and what judgment should be entered in light of such findings and conclusions. We imply no disagreement with the merits of the judgment that was entered; if, after a hearing, the District Court is of the view that it should be reentered, nothing in this opinion should be interpreted to preclude that result.

Judgment vacated and cause remanded for further proceedings consistent with this opinion.

---

1. Of course, if the Court had been notified on the morning of February 26 of the circumstances then confronting Schaefer, the Court would have had discretion to grant a continuance, but it would not have been obliged to do so.