**John BROWN, Plaintiff,**

v.

**Senior Parole Officer DeFILIPPIS, et al., Defendants.**

**No. 87 Civ. 3498 (RWS).**

United States District Court,
S.D. New York.

Sept. 12, 1988.

John Brown, Woodbourne, N.Y., pro se.

Robert Abrams, Atty. Gen. of N.Y., New York City (Charles C. Davis, Jr., Asst. Atty. Gen., of counsel), for defendants.

## OPINION

SWEET, District Judge.

Defendant Clarence Berry ("Berry") has moved pursuant to Fed.R.Civ.P. 55(c) to set aside an entry of default entered on February 3, 1988. Upon the findings and conclusions set forth below, the motion is granted.

*Background and Prior Proceedings*

*Pro se* plaintiff John Brown ("Brown") filed a complaint under 42 U.S.C. §§ 1983, 1985, 1986 and 1988 on May 21, 1987. The complaint alleges that Senior Parole Officer DeFillipis Parole Officers Berry, Bobby Carter, Ernest Tasker and Paul Rosen, Chief Executive of the Parole Division Ramon Rodriguez and civilian landlord Simpson Bailey violated his civil rights by entering and searching his room without a warrant.[1] On May 21, 1987 the Honorable Charles Brieant, C.J. dismissed the complaint against Rodriguez and Bailey, and dismissed all claims except for the Fourth Amendment claim against Rosen, Carter, Tasker, DeFillipis and Berry (collectively "the defendants"). The remaining action was assigned to this court.[2]

At the time he commenced this action, Brown was a prisoner at Greenhaven Correctional Facility and thus served the defendants by mail. Berry received the summons and complaint on December 4, 1987 at the Bronx area office of the Parole Division. Berry alleges that immediately upon receipt, he mailed a form letter requesting representation to the New York Attorney General. Apparently the Attorney General's Office never received the letter and Berry did nothing further to follow up on the case.

On February 3, 1988, this court entered a default judgment against Berry. Berry received notice of the default judgment against him on March 7, 1988. On that day he once again forwarded a letter and those papers to the Attorney General's Office requesting counsel. Berry then retained counsel from the Attorney General's Office and on May 26, 1988 filed with the court asking for the default judgment to be set aside.

---

1. The complaint specifically charged the defendants with committing perjury, conspiring to violate Brown's Fourth, Fifth and Fourteenth Amendment.

2. This court granted Brown's motion for an extension of time to proceed in *forma pauperis* on November 25, 1987.

**1530**

*Discussion*

██ Defaults, often referred to as the weapon of last resort, are not favored, especially when the case presents issues of fact. *In Re Martin–Trigona*, 763 F.2d 503 (2d Cir.1985). A court should resolve all doubts in favor of a determination on the merits. *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir.1981). Accordingly, courts should liberally grant motions to vacate default judgments so that trial on the merits may be had and justice may be done. *Triad Energy Corp. v. McNell*, 110 F.R.D. 382 (S.D.N.Y.1986).

██ Rule 55(c), Fed.R.Civ.P. states that a court may set aside an entry of default for good cause shown. A district judge has discretion to determine whether such good cause has been shown. *Brock v. Unique Racquetball and Health Clubs, Inc.*, 786 F.2d 61, 64 (2d Cir.1986); *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir.1983). The factors a judge should consider are three-fold: whether the default was willful; whether the defendant has a meritorious defense; and whether setting the default aside would prejudice the plaintiff. *Brock, supra; Marziliano v. Heckler*, 728 F.2d 151 (2d Cir.1984).

Courts have held the default to be willful when a defendant simply ignores a complaint without action, *Marziliano v. Heckler, supra*, or when a lawyer neglects a case for an extended period of time, *Walpex Trading Co. v. Yacimientos Petroliferos*, 109 F.R.D. 692 (S.D.N.Y.1986).

██ Berry claims that he forwarded the summons and complaint with a request for counsel by regular mail to the Attorney General's Office on December 4, 1987. The letter he sent to the attorney general upon receipt of the default judgment re-requesting representation states that it was a second request for representation. Thus, Berry's contentions display a lack of wilfulness. Counsel for Berry, Charles Davis, ("Davis") contends that he never received the first letter from Berry. This claim shows a lack of neglect. Thus, Berry's failure to answer does not amount to wilfulness.

██ A party seeking to vacate a default need not conclusively establish the validity of a defense but merely that the defense raises a serious question. *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir.1983). In his papers, Berry has included a proposed answer to the complaint which presents eight defenses. Berry contends, *inter alia*, that he acted in good faith in conducting the search and that he is entitled to qualified immunity. Furthermore, as Berry sets forth, the state court's determination at a suppression hearing that the search and seizure was lawful may properly raise defenses of collateral estoppel and *res judicata*. At a minimum, these contentions raise serious questions and thus further factfinding may be necessary to determine the merits of Brown's claims.

██ Prejudice to the plaintiff may not merely result in delay, *Davis v. Musler, supra*, but must create a delay which results in a loss of evidence, increasing difficulties of discovery, or provides for a greater opportunity for fraud and collusion. *Id.*, at 916, citing C. Wright, A. Miller, and M. Kane, *Federal Practice and Procedure: Civil* § 2699 at 536–37. Brown has made no claim that the inevitable delay resulting from vacating default will result in increased difficulties of discovery or producing evidence for trial.[3]

*Conclusion*

Berry's motion to set aside the default judgment entered against him is granted. Discovery will be completed by November 16, 1988 and the pretrial order filed on November 23, 1988.

It is so ordered.

---

**3.** In his reply papers, Brown claims to be prejudiced by the other defendants' failure to adequately answer his interrogatories. However, this claim of prejudice is not relevant to the setting aside of the entry of default.