**FINE SHOE COMPANY, Plaintiff,**

v.

**BUCKRAY INC., A NY Corporation and Ray Rudansky, Defendants.**

**No. 89 Civ. 2725 (RPP).**

United States District Court, S.D. New York.

June 19, 1990.

Dominic V. Caruso, Clifton, N.J., for plaintiff.

Stanley Geller, New York City, for defendants.

## OPINION and ORDER

ROBERT P. PATTERSON, JR.,
District Judge.

This is a motion by plaintiff to vacate its default for failure to defend on defendants' counterclaims and failure to prosecute its complaint.

## BACKGROUND

In March 1990, the parties submitted a joint pretrial order. On April 6, 1990, counsel for both parties appeared at a pretrial conference, where the Court informed the parties that it was placing the case on the ready trial calendar with 48 hours notice of actual trial. The Court further warned both counsel that the 48 hour notice could be given in the next few days. Plaintiff's counsel raised no objection to the Court's announcement that the trial date could be set over the next several days; however, he did ask for 72 hours notice to facilitate contacting his client who resided in Italy.

On April 11, 1990, the Deputy Clerk advised each counsel's office that trial would commence five days later on April 16, 1990 at 10:00 A.M. By letter received on April 12, 1990, counsel for plaintiff then advised the Court that he had vacation plans and would not return until April 17, 1990, and would be on trial in Hudson County on April 18, 1990 and on trial in Somerset County, New Jersey on April 19, 1990. The letter concluded by requesting an ad-

journment of the trial date until after April 19, 1990.

At 10:40 A.M. on April 12, 1990, plaintiff's counsel left for his vacation in Aruba without considering "the possibility that my request would be denied." Caruso Aff. at 2, ¶ 9 (May 31, 1990); Caruso Aff. at 1, ¶ 2 (June 13, 1990). The Court issued an order on April 12, 1990, without notice of plaintiff's counsel's departure, reiterating that trial would commence at 10:00 A.M. on April 16, 1990. The Court's Order of April 12, 1990 also notified the parties that a failure to appear at trial would result in entry of a default. The Order of April 12, 1990 was mailed and orally communicated to counsel for both sides on April 12, 1990.

On April 16, 1990, the defendants and their counsel appeared ready for trial, but plaintiff's counsel and plaintiff did not appear. Accordingly, on plaintiffs default, the Court entered a judgment for defendants on the complaint and counterclaims. The Court referred the issue of damages on the counterclaims to Magistrate Bernikow for an inquest. Later on the morning of April 16, 1990, plaintiff's counsel called the deputy clerk inquiring as to the calendar status of the case and was informed of the Court's Order of default. Plaintiff filed this motion on May 31, 1990.

## DISCUSSION

█ It is appropriate for a district court to declare a default when a party and its counsel fail to appear at trial after receiving notice. *See Brock v. Unique Racketball and Health Clubs, Inc.,* 786 F.2d 61, 64–65 (2d Cir.1986) (permitting district court immediately to enter default when defendant fails to appear at trial and requiring three days notice before the inquest hearing). Since the default judgment has not been entered in its entirety, but awaits completion of an inquest hearing, plaintiff's motion will be treated as a motion to set aside the entry of a default judgment under the liberal standard of Federal Rule of Civil Procedure 55(c), rather than a motion to vacate a default which

has been entered under Federal Rule of Civil Procedure 60(b).

 Three factors determine whether entry of a default should be set aside: (1) whether the default was willful or the product of excusable neglect; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented. *In re Men's Sportswear, Inc.*, 834 F.2d 1134, 1138 (2d Cir. 1987).

### 1. Excusable Neglect

 Plaintiff's counsel contends that his failure to appear was excusable because he had vacation plans and because he had difficulty contacting his client. Plaintiff's counsel concedes that he had vacation plans since February 2, 1990; however, he failed to bring these plans to the Court's attention at the April 6, 1990 pretrial conference when the Court put the case on the 48 hour notice trial calendar. Moreover, after receiving more than the 72 hours notice of trial which he had requested, he left for his vacation in Aruba without waiting for the Court to decide his letter-request for an adjournment. *See Brock*, 786 F.2d at 64, 65 n. 1 (trial judge is "responsible for the orderly and expeditious conduct of litigation" and is not obliged to grant a continuance).

As to the difficulty of contacting a client who resides in Italy, plaintiff's counsel has failed to raise any unique circumstances entitling him and his client to special treatment. Plaintiff's counsel had five days to contact the client by various modern communications systems. Moreover, plaintiff's counsel should have arranged for an efficient way to contact his client after he was informed on April 6, 1990 that the case was being placed on the 48 hour notice trial calendar. Plaintiff's counsel has failed to show excusable neglect and the Court finds he acted with intentional indifference to this Court's orders and efforts to maintain its trial calendar.

### 2. Prejudice

Setting aside the default would prejudice the adversary by requiring him to undergo the expense of preparing for trial a second time. However, this prejudice is minimal and is not the basis for this decision.

### 3. Meritorious Defense

Plaintiff has failed to demonstrate that it has a meritorious defense to the counterclaims or that it has a meritorious complaint. Plaintiff's counsel's affidavit contains only a superficial and conclusory statement to support its contention that there is a meritorious defense and that is inadequate to support a Rule 55(c) motion. *Marziliano v. Heckler*, 728 F.2d 151, 156 (2d Cir.1984).

### CONCLUSION

The Court finds that plaintiff has failed to demonstrate "good cause" under Rule 55(c) and it is appropriate for the Court to enter a default judgment. Magistrate Bernikow is to proceed with the inquest on the counterclaims.

IT IS SO ORDERED.