Gordon GRANT, Plaintiff,

v.

The CITY OF NEW YORK, James McGowan (Shield No. 27132), "John Doe" and "Jane Roe" (intended to be agents or employees of the City of New York involved in the arrest, continued detainment and imprisonment of plaintiff Gordon Grant on June 29, 1990) and Pia Johanson, Defendants.

No. 91 Civ. 4266 (RLC).

United States District Court,
S.D. New York.

Oct. 26, 1992.

Reardon & Sclafani, P.C., Yonkers, NY (Michael V. Sclafani, of counsel), for plaintiff.

Levien & Zwal, New York City (Michael C. Zwal, of counsel), for defendant Pia Johanson.

Karlsson & NG, P.C., New York City (Kent Karlsson, of counsel), for defendant Pia Johanson.

O. Peter Sherwood, Corp. Counsel of the City of New York, New York City (Janet Gallagher, of counsel), for Municipal defendants.

OPINION

ROBERT L. CARTER, District Judge.

In an opinion issued March 25, 1992, familiarity with which is assumed, the court denied defendant Pia Johanson's motions to

dismiss and for summary judgment. Defendant[1] thereafter failed to answer the complaint, and, on June 2, 1992, the Clerk of the Court noted her default.[2] Pursuant to Rule 55(b)(2), F.R.Civ.P., plaintiff Gordon Grant has now moved for a default judgment. Defendant has cross-moved to set aside the entry of default, under Rule 55(c), F.R.Civ.P., and for an enlargement of time in which to answer, under Rule 6(b), F.R.Civ.P.

■ In accordance with Rule 55(c), F.R.Civ.P., the court may set aside an entry of default "[f]or good cause shown."[3] Exercise of this discretion is guided by a three-factor test: "[1] whether the default was willful, [2] whether setting it aside would prejudice the adversary, and [3] whether a meritorious defense is presented." *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir.1981); *Brock v. Unique Racquetball and Health Clubs, Inc.*, 786 F.2d 61, 64 (2d Cir.1986). Defendant contends that each of these factors points in her favor.

Concerning the first factor, Johanson's then attorney, Michael Zwal, claims that he was unaware the court had rendered a decision on defendant's motions until after he was served with the present motion for judgment in default. (Zwal Aff. ¶¶ 6, 9–10) Although he downplays his failure to keep apprised of developments in this case and ascribes blame to his calendar clerk, Zwal's conduct suggests willfulness.[4]

■ Defendant also contends that Grant was not harmed by her failure to submit a timely answer because no evidence was lost in the period after her answer was due. Grant counters that the unwarranted delay itself merits a finding of prejudice. It is well settled, however, that delay alone cannot establish prejudice. *Davis v. Musler*, 713 F.2d 907 (2d Cir.1983). Thus, the second "good cause" factor favors defendant.

■ To satisfy the final prong of the "good cause" test, that defendant present a meritorious defense, Johanson must merely "raise[ ] a serious question" concerning Grant's allegations. *See, e.g., Brown v. DeFilippis*, 695 F.Supp. 1528, 1530 (S.D.N.Y.1988) (Sweet, J.); *Davis, supra*, 713 F.2d at 916. Johanson flatly refutes making the rape accusation on which Grant's slander claim is founded. (Johanson Aff. ¶ 4) Her denial is corroborated by plaintiff's brother, Winston Grant, who avers that he was present at the precise time Johanson allegedly made the charge. (Def.'s Cross Motion Ex. B.) Moreover, there is no mention of rape in the criminal complaint against plaintiff filed by co-defendant Police Officer McGowan.[5] (Def.'s Cross Motion Ex. C) These statements also raise significant doubt about the false arrest and false imprisonment claims

---

1. In this opinion, the term "defendant" will refer only to defendant Pia Johanson, since the present motion does not concern the other defendants.

2. The clerk's certificate is the functional equivalent to an "entry of default," pursuant to Rule 55(a), F.R.Civ.P. See *Walpex Trading Co. v. Yacimientos Petroliferos*, 109 F.R.D. 692, 694 n. 2 (S.D.N.Y.1986) (Leisure, J.)

3. The "good cause" standard for setting aside *entry* of default, pursuant to 55(c) is less rigorous than the "excusable neglect" standard for setting aside a default *judgment* under Rule 60(b). See *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir.1981); 10 C. Wright & A. Miller, *supra*, § 2696. The Rule 55(c) standard is less rigorous because the entry of default is akin to an interlocutory order, whereas a default judgment has the force of a final judgment. *See, e.g., Dow Chemical Pacific Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 335 (2d Cir.1986). Had plaintiff merely submitted a proposed Order for Default Judgment, rather than proceeding by notice of motion, the court would have been justified in granting that order based on the foregoing facts. In that case, defendant would have had no recourse except a Rule 60(b) motion, and would have been subject to the stricter standard.

4. *See, e.g., Giesecke International, Ltd. v. H. Weiss Export Corp.*, No. 79 Civ. 2484 (S.D.N.Y. April 7, 1981) (Carter, J.) (An attorney's lack of diligence or mere carelessness cannot excuse default.); *Aberson v. Glassman*, 70 F.R.D. 683 (S.D.N.Y.1976) (MacMahon, J.). Moreover, Zwal's explanation must be viewed with skepticism in light of his past conduct in this case. The court noted in its earlier opinion on defendant's Rule 12(b)(6) motion that Zwal tread a fine line between bare competence and impropriety.

5. The sole charge in McGowan's complaint is sexual abuse in the third degree.

against Johanson because both counts ultimately derive from the disputed accusation.[6]

### Conclusion

Based on the foregoing analysis, the "good cause" test warrants that entry of default be vacated. Although the first factor, willfulness of default, advises against the defendant, the other considerations support her. Strong policies favoring the resolution of disputes on their merits [7] command that this apparently equivocal outcome be resolved in Johanson's favor. *See, e.g., Tecnart Industria E Comercio v. Nova Fasteners Co.*, 107 F.R.D. 283, 285 (S.D.N.Y.1985) (McLaughlin, J.).[8]

In light of this holding, it is unnecessary to address plaintiff's Rule 55(b)(2), F.R.Civ. P., motion because entry of default is an essential prerequisite for a default judgment. 10 C. Wright & A. Miller, *Federal Practice and Procedure: 2d* § 2682 (1983); *Meehan, supra*, 652 F.2d at 276. Further, the court need not consider defendant's motion under Rule 6(b), F.R.Civ.P., since the decision to set aside the default entry implicitly enlarges defendant's time in which to answer, and, in any event, a belated answer has already been submitted.[9]

IT IS SO ORDERED.

---

**6.** With regard to the false imprisonment claim, Johanson also professes that she notified police and the District Attorney to drop her complaint, and assumed Grant would be released shortly thereafter. Johanson Aff. ¶¶ 3, 5, 6.

**7.** *See, e.g., Traguth v. Zuck,* 710 F.2d 90, 94 (2d Cir.1983); *Meehan v. Snow, supra,* 652 F.2d at 277 ("doubts are to be resolved in favor of a trial on the merits").

**8.** *See also Walpex Trading Co., supra,* 109 F.R.D. at 696.

**9.** *See, e.g., Walpex Trading Co., supra,* 109 F.R.D. at 696 (Rule 6(b) motion can be treated as a motion to set aside entry of default even though a different standard applies under Rule 6(b) than under Rule 55(c)).