UNITED STATES of America, Plaintiff,

v.

PRIVATE SANITATION INDUSTRY AS-
SOCIATION OF NASSAU/SUFFOLK,
INC., et al., Defendants.

No. CV–89–1848.

United States District Court,
E.D. New York.

Nov. 11, 1994.

Christopher G. Lehmann, Jody Kasten, and Claire S. Kedeshian, Esq., Asst. U.S. Attys., Brooklyn, NY, for plaintiff.

Paul A. Batista, New York City, Fred P. Bennett, Melville, NY, Warren M. Berger, Commack, NY, Judd Burstein; Cohen, Weiss & Simon, Richard M. Seltzer, Joseph J. Vitale; Paul F. Corcoran, Davis & Gilbert; New York City, Richard H. Cunningham, Kevin Fitzgerald, Smithtown, NY, Brian D. Linder, Gallop Dawson & Clayman; Peter J. Driscoll, Kostelanetz, Ritholz, Tigue & Fink, New York City, James Druker, Garden City, NY, James T. Gucciardo; Arthur Goldstein, Goldstein & Rubinton, Huntington, NY, Leonard Halpern, Halpern & Zuckerman, Bay Shore, NY, Hoffman & Pollok, New York City, George Lasch, Moriches, NY, Peter H. Mayer, Clayton & Mayer, Hauppauge, NY, Richard A. Miller, Islandia, NY, Steven B. Nacht, Setauket, NY, Gilbert T. Perlman, Pasternack & Perlman, Great Neck, NY, John G. Poli, III, Raskin, Haas & Poli, Huntington, NY, Ronald G. Russo, Fischetti & Russo, New York City, Joseph W. Ryan, Jr., Uniondale, NY, Laura Sapienza, Farrell, Fritz, Caemmerer, & Cleary, Uniondale, NY, Stephen P. Scaring, P.C., Garden City, NY, Richard A. Miller, Islandia, NY, Lark J. Shlimbaum, Shlimbaum & Shlimbaum, Islip, NY, Karen Silverman, LaRossa, Mitchell & Ross; Barry Slotnick, Slotnick & Baker, New York City, David Sutton, Garden City, NY, Jeffrey Waller, Huntington, NY, and A. Jeffrey Weiss, New York City, for defendants.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

Plaintiff, the United States of America, moves for an order pursuant to Rule 25(a) of the Federal Rules of Civil Procedure, substituting the estates of Robert Schuman and Anthony Montesano as parties in place of defendants Schuman and Montesano. The deaths of Schuman and Montesano were suggested on the record by their counsel on

April 25, 1994. Plaintiff filed this motion for substitution on June 16, 1994.

### FACTS

The United States brought this civil RICO action against 112 defendants, alleging that they engaged in a pattern of racketeering activity by committing illegal acts and by using force and threatening to use force against other individuals engaged in the collection of solid waste on Long Island. The underlying facts and the identities of the various defendants are set out in *United States v. Private Sanitation Indus. Ass'n,* 793 F.Supp. 1114, 1121–23 (E.D.N.Y.1992) (*"PSIA"*), familiarity with which is assumed.

In the complaint as originally filed, the government sought treble damages under 18 U.S.C. § 1964(c), as well as injunctive relief, divestiture and disgorgement pursuant to § 1964(a). In *PSIA,* this court dismissed the government's claim for treble damages. *PSIA,* 793 F.Supp. at 1149. The requests for injunctive relief were clearly extinguished by the defendants' deaths. Thus, the only outstanding claims against Montesano and Schuman are those requesting divestiture and disgorgement.

On April 25, 1994, counsel for defendants Robert Schuman and Anthony Montesano filed Suggestions of Death with the court, noting that Mr. Schuman had died in or about August 1993, and that Mr. Montesano had died in or about March 1994. This motion was timely filed by plaintiff, the United States of America, on June 16, 1994.

### DISCUSSION

Under Rule 25(a)(1) of the Federal Rules of Civil Procedure, the court may order the substitution of a deceased party, upon motion made within 90 days of the suggestion of death on the record, "[i]f a party dies and the claim is not extinguished thereby." Fed. R.Civ.P. 25(a)(1).

In the absence of a specific federal statutory directive, the question of survival of a claim is determined under federal common law. *See, e.g., Mallick v. International Broth. of Elec. Workers,* 814 F.2d 674, 676 (D.C.Cir.1987). "The general rule under federal common law is that an action survives the death of a party if it is remedial and not penal in nature." *Moore's Federal Practice* ¶ 25.04[1]. Thus, the determination of whether the action against defendants Montesano and Schuman survived their deaths turns on whether this civil RICO action is remedial or penal in nature.

Although the federal courts have discussed the nature of civil RICO actions in various contexts, the only circuit court decision addressing the issue of survivability of a cause of action brought under the civil RICO statute is *Faircloth v. Finesod,* 938 F.2d 513 (4th Cir.1991). In that case, the court held that the estate of a deceased private plaintiff could recover RICO damages resulting from defendant's actions. Numerous district courts, including those in the Eastern and Southern Districts of New York, have likewise concluded that a civil RICO suit is remedial, not penal, and accordingly survives the death of a party. *See, e.g., Costello v. Cooper,* 1990 WL 9856 (S.D.N.Y.1990). The courts have pointed out that "Congress explicitly declared the purpose of RICO to be 'remedial' and directed that it be 'liberally construed' to effect this purpose." *Faircloth,* 938 F.2d at 518.

Some of the district courts that have ruled on the survivability of a civil RICO claim have held that even the treble damages provision of 18 U.S.C. § 1964(c) is remedial in nature and, accordingly, survives the death of the wrongdoer. *See County of Oakland v. City of Detroit,* 784 F.Supp. 1275, 1285 (E.D.Mich.1992) (citing *dictum* in *Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220, 240–42, 107 S.Ct. 2332, 2344–46, 96 L.Ed.2d 185 (1987), which upheld the arbitrability of RICO claims); *State Farm Fire and Cas. Co. v. Estate of Caton,* 540 F.Supp. 673, 682 (N.D.Ind.1982), *overruled on other grounds, sub. nom., Ashland Oil, Inc. v. Arnett,* 656 F.Supp. 950 (N.D.Ind.1987). This view was rejected by the Northern District of Illinois in *Washburn v. Brown,* 1988 WL 130021 (N.D.Ill.1988), on which defendants ask us to rely.

In *Washburn,* the court analyzed the treble damages provision of RICO under a

three-part test developed by the Seventh Circuit in the context of determining survivability of actions under the Federal Truth in Lending Act.[1] *Smith v. No. 2 Galesburg Crown Finance Corp.*, 615 F.2d 407, 414–15 (7th Cir.1980). The *Washburn* court, and other courts in the Northern District of Illinois, concluded that the treble damages provision of RICO was primarily penal and, accordingly, a claim under that provision was extinguished upon the death of a party.

■ However, this court need not pass on the nature of RICO's treble damage provisions. The only relief sought against Schuman and Montesano at this juncture is divestiture and disgorgement, under 18 U.S.C. § 1964(a). This court has characterized such divestiture as "remedial not punitive." *See United States v. Bonanno Organized Crime Family*, 683 F.Supp. 1411, 1451 (E.D.N.Y. 1988), *aff'd* 879 F.2d 20 (2d Cir.1989). This court has also held that "disgorgement (without compensation) of the ill-gotten proceeds of racketeering activity" is an appropriate equitable remedy under the civil RICO provisions. *PSIA*, 793 F.Supp. at 1151–52.

In view of the remedial nature of the relief sought against Montesano and Schuman, this action is not extinguished by the death of those defendants. Accordingly, the government's motion for substitution of the estates of the deceased parties for those parties is granted.

SO ORDERED.

---

1. Under this test, the court must consider "(1) whether the purpose of the action is to redress individual wrongs or wrongs to the public; (2) whether recovery runs to the individual or to the public; (3) whether the authorized recovery is wholly disproportionate to the harm suffered." *Smith, supra* at 414. This test has also been applied by the court in the Western District of Oklahoma for purposes of determining whether treble damages can be assessed against the FDIC under RICO.