Nicholas **MARGARITES** and Total Containment Systems, Inc., Plaintiffs,

v.

**E & E CONTRACTORS, INC.,** Defendant.

No. 94–CV–1177.

United States District Court, N.D. New York.

April 10, 1995.

Fox & Charles Law Firm, Clifton Park, NY, for plaintiffs (Lawrence Fox, of counsel).

Harris, Beach & Wilcox Law Firm and Office of James A. Gosier, Syracuse, NY, for defendant (Thomas Taylor, of counsel).

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

Presently before the Court is defendant E & E Contractors' motion to vacate a default judgment entered by this Court on February 13, 1995. The motion is being made pursuant to Fed.R.Civ.P. 60(b)(1). Defendant alleges that the default was the product of excusable neglect, and moreover, that the judgment itself is voidable because the defendant did not receive proper notice prior to the entry thereof.

Rule 60(b) of the Federal Rules of Civil Procedure states in pertinent part:

> On motion and upon such terms are as just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect.... The motion shall be made within a reasonable time, and ... not more than one year after the judgment, order, or proceeding was entered or taken.

As commentators have observed, the policy in favor of setting aside judgments under Rule 60(b) is strongest in the context of defaults:

> The cases calling for great liberality in granting Rule 60(b) motions, for the most part, have involved default judgments. There is much more reason for liberality in reopening a judgment when the merits of the case never have been considered than there is when the judgment comes after a full trial on the merits.

11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 2857, at 160 (1973); *see Bicicletas Windsor, S.A. v. Bicycle Corp. of America,* 783 F.Supp. 781, 787 (S.D.N.Y.1992). The Second Circuit has further held that " '[t]he extreme sanction of a default judgment must remain a weapon of last, rather than first,

resort,' ... which should only be imposed 'upon a serious showing of willful default.' " *Davis v. Musler,* 713 F.2d 907, 916 (2d Cir. 1983) (citations omitted).

■ "In applying Rule 60(b)(1) in the context of default judgments, courts have gone beyond the bare wording of the rule and established certain criteria which should be considered in deciding whether the designated standards have been satisfied. *Id.* at 915. These criteria include (1) whether the default was willful, (2) whether the defendant has a meritorious defense, and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted. *Id.* When applying these criteria, courts must be mindful that all doubts should be resolved in favor of those seeking relief under Rule 60(b). *Id.; Bicicletas Windsor,* 783 F.Supp. at 788.

■ Under the first criterion, the record is clear that defendant's failure to answer was not willful. Indicative of this determination is that defendant's counsel had requested and received an extension of time to file the answer. From this fact, it is plain that defendant did not simply ignore the complaint, but rather, attempted to respond to it within the extended time period. Defense counsel ultimately failed to do so only because a member of his support staff had made a mistake in filing the answer. When defense counsel was made aware of the mistake, however, he immediately attempted to rectify the situation by seeking *vacatur* of the default judgment by way of an order to show cause. Keeping in mind that the standard under the first criterion is willfulness and not carelessness, *Bicicletas Windsor,* 783 F.Supp. at 788, defendant has successfully demonstrated that his failure to answer was not willful.

Defendant has also sufficiently demonstrated the second criterion of meritorious defense. Defendant contends that its use of the platform in question in no way violates the patent at issue. Moreover, defendant contends that when the plaintiff had applied for and was issued the patent, the same platform had been used by the defendant and other painting contractors in several states rendering the patent invalid. Since defen-

dant has "raise[d] a serious question" concerning plaintiffs' allegations in the complaint, *see Brown v. DeFilippis,* 695 F.Supp. 1528, 1530 (S.D.N.Y.1988), defendant has successfully satisfied the second criterion. *See Davis,* 713 F.2d at 916 (movant need not conclusively show meritorious defense); *Keegel v. Key West & Caribbean Trading Co., Inc.,* 627 F.2d 372, 374 (D.C.Cir.1980) (same).

Turning to the third criterion, defendant contends that plaintiff will not suffer any prejudice by the granting of the instant motion. It is contended that the delay caused by the default did not result in the loss of evidence, the creation of discovery difficulties, or the opportunities for fraud and collusion. *Davis,* 713 F.2d at 916; *see* 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, § 2699, at 536–37. Plaintiffs allege otherwise and state that defendant's action is inducing others to infringe on the patent, and thus, causing injury to plaintiffs. This allegation has nothing to do with the Court's analysis of whether there would be prejudice to the plaintiff and, accordingly, are rejected. As for plaintiff's allegation that defendant is on the brink of bankruptcy, such allegation is directly controverted by defendant's affidavit. Therefore, the third criterion weighs heavily in defendant's favor.

In conclusion, defendant has successfully demonstrated all three of the required elements for setting aside the default judgment, and therefore, it is

**ORDERED,** that defendant's motion to vacate the default judgment be granted.

**IT IS SO ORDERED.**