HOLFORD USA LTD., INC., Plaintiff,

v.

Sam HARVEY, Jerrold Fishman, Edward Leifheit and Vittorio Nicoletta a/k/a "Aldo" Nicoletta, Defendants.

No. 94 Civ. 7772 (KTD).

United States District Court, S.D. New York.

Oct. 8, 1996.

---

Zivyak Klein & Liss, New York City (Leonard Benowich, of counsel), for Plaintiff.

Feltman, Karesh, Major & Faberman, L.L.P., New York City (Adam M. Cohen, of counsel), for Defendants.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge:

This Memorandum and Order addresses three motions: the motion to substitute Jane Harvey as a defendant; the motion to vacate default; and the motion for default judgment.

Plaintiff Holford USA Ltd., Inc. ("Holford") commenced this civil action on October 26, 1994, alleging violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO") and conversion. On June 8, 1995, defendant Sam Harvey ("Harvey") died; on August 22, 1995 Holford timely filed a motion to substitute Jane Harvey, Preliminary Executrix of the Estate of Sam Harvey, as the defendant in lieu of her late husband, pursuant to Rule 25 of the Federal Rules of Civil Procedure. Jane Harvey timely opposed this substitution.

On August 21, 1995, Holford filed a notice of application for default judgment, pursuant to Rule 55, against defendants Jerrold Fishman, Edward Leifheit, and Vittorio Nicoletta ("Defendants"). On August 24, 1995, the Clerk of the Court entered a default against Defendants.

Defendants, on September 1, 1995 filed a motion to vacate the entry of default as against them, pursuant to Fed.R.Civ.P. 55(c) and for leave to file an Answer to the Amended Complaint, pursuant to Fed. R.Civ.P. 6(b). Defendants claimed that their failure to timely file an answer was due to inadvertent attorney oversight, not willfulness. Holford responded by letter dated September 7, 1995, asserting that inadvertent attorney oversight is not excusable neglect within the meaning of Rule 55(c) or Rule 6(b).

For the reasons given below, Holford's motion to substitute Jane Harvey for defendant Sam Harvey is granted. The Defendants' Motion to Vacate Default is also granted, and Holford's application for a default judgment is denied as moot.

### Discussion
#### Motion to Substitute Executrix

Jane Harvey, the Preliminary Co–Executrix for the Estate of Sam Harvey, opposes the motion to substitute herself in lieu of her late husband as a Defendant in this action. She claims that such substitution would create a hardship on her and that the civil RICO action is punitive and therefore does not survive Harvey's death.

■ A claim survives the death of a party if the claim is remedial rather than punitive. *See, e.g., United States v. Private Sanitation Indus. Assn.,* 159 F.R.D. 389, 390 (E.D.N.Y. 1994); *Costello v. Cooper,* 86 Civ. 3264, 1990 WL 9856 at *1 (S.D.N.Y. Jan. 31, 1990) (Keenan, J.).

The Complaint alleges that Sam Harvey violated the federal RICO statute set forth in Section 1962 of Title Eighteen, United States Code. Thus, in Counts I through IV, Holford seeks treble damages pursuant to Section 1964. In Count V, Holford seeks damages based on a cause of action for con-

version. Jurisdiction over Count V is based on the Supplemental Jurisdiction of the court. 28 U.S.C. § 1367.

■ The cause of action for conversion is not punitive and survives the death of a defendant. Therefore, the motion to substitute Jane Harvey as executrix for the estate of Sam Harvey is granted.

■ At issue here is whether the treble damages provision of the RICO statute can be asserted against the estate of Sam Harvey. The statutory basis for a civil RICO action is found in 18 U.S.C. § 1964(c), which states in part: "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and *shall recover threefold the damages* he sustains and the cost of the suit...." (Emphasis added).

I hold that an action under Section 1964(c) for treble damages is remedial and does not abate when the defendant dies. *See Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220, 240–41, 107 S.Ct. 2332, 2344–45, 96 L.Ed.2d 185 (1987) (holding that the focus of § 1964(c) is remedial, and therefore, such claims can be arbitrated).

Holford's motion to substitute Jane Harvey, Preliminary Co–Executrix of the Estate of Sam Harvey, as the defendant in lieu of Sam Harvey is hereby granted.

#### Motion to Vacate Entry of Default

Rule 55(c) provides "[f]or good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed.R.Civ.P. 55(c).

■ Holford argues that attorney oversight such as is described by the Defendants "simply is not excusable neglect within the meaning of Rule 55(c) or Rule 6(b)." (Letter from Leonard Benowich of 9/7/95, at 1). Holford erroneously characterizes the standard of Rule 55(c) as "excusable neglect." It is Rule 60(b) that imposes the stricter standard of excusable neglect, but that Rule is applicable only to the vacatur of a final judg-

**44**

ment. *See Meehan v. Snow*, 652 F.2d 274, 276–77 (2d Cir.1981).

 In determining whether good cause exists, a court must evaluate: (i) the willfulness of the default, (ii) the prejudice to the adversary if the default is set aside, and (iii) whether the defendants present a meritorious defense. *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir.1983) (citing *Meehan*, 652 F.2d at 277). A default may be vacated upon a showing that the three factors on balance support relief. *See Grant v. City of New York*, 145 F.R.D. 325, 326 (S.D.N.Y.1992). Moreover, the court's discretion is narrow in light of the "strong policies favoring the resolution of genuine disputes on their merits," and the admonition that "doubts are to be resolved in favor of a trial on the merits." *Traguth*, 710 F.2d at 94 (citations omitted).

 Although attorney oversight might support a finding of willfulness with the appropriate predicate facts, those facts are not present in this case. Any imputation of willfulness to the Defendants is belied by the active role the Defendants have taken in this litigation both prior and subsequent to the entry of default: the Defendants moved to dismiss (December 12, 1994); opposed Holford's motion for leave to file the Amended Complaint (April 14, 1995); moved to dismiss the Amended Complaint (May 24, 1995); and filed the instant Motion to Vacate Default (September 1, 1995). Such actions support a finding that the default was not willful.

As to the second prong of the test, Holford has not alleged that it would be prejudiced by a vacatur of default, and I do not believe that Holford would be so prejudiced.

 The third and final prong of the test, whether a meritorious defense is presented, requires only that the defendant meet a "low threshold." *Meehan*, 652 F.2d at 277. Inasmuch as the Defendants deny all material allegations and stand ready to assert several affirmative defenses, they satisfy the low threshold necessary to establish a meritorious defense under the third prong of this test.

Accordingly, the Defendants' Motion to Vacate Default is hereby granted. Holford's

motion for default judgment is denied as moot.

### Conclusion

For the foregoing reasons, Holford's motion to substitute Jane Harvey, Preliminary Co–Executrix of the Estate of Sam Harvey, as the Defendant in lieu of her late husband is hereby granted. The entry of default is hereby vacated, and Holfords motion for default judgment is denied as moot.

Defendants are directed to file an answer within ten days of the date hereof.

SO ORDERED.