12-5079-cv
*SEC v. David Amsel and Mayer Amsel*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of January, two thousand fourteen.

PRESENT:
> RICHARD C. WESLEY,
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges.*

---

United States Securities and Exchange Commission,

> *Plaintiff - Appellee,*

> v.                                    12-5079-cv

East Delta Resources Corp., Victor Sun,

> *Defendants,*

David Amsel, c/o Mayer Amsel, Mayer Amsel,

> *Defendants - Appellants.*

---

**FOR PLAINTIFF-APPELLEE:**          Anne K. Small, General Counsel; Michael A. Conley, Deputy General Counsel; Jacob H. Stillman, Solicitor; Susan S. McDonald, Senior Litigation Counsel; Jacob R. Loshin, Attorney; United States Securities and Exchange Commission, Washington, D.C.

**FOR DEFENDANT-APPELLANT:**          Mayer Amsel, *pro se*, Brooklyn, NY.

**FOR DEFENDANT-APPELLANT:**          David Amsel, *pro se*, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Mayer and David Amsel, proceeding *pro se*, appeal the district court's judgment for the United States Securities and Exchange Commission ("SEC"), finding them liable for fraud in violation of § 17(a) of the Securities Act, 15 U.S.C. § 77q(a), § 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5; and registration improprieties in violation of § 5(a) and (c) of

2

the Securities Act, 17 U.S.C. § 77e(a) and (c).  We assume the parties' familiarity

with the facts, the procedural history of the case, and the issues on appeal.[1]

We affirm the district court's grant of summary judgment, for substantially

the reasons set forth by the district court.  There was no genuine dispute that the

Amsels conducted wash sales and other prohibited coordinated trades, that they

recklessly disregarded the misleading nature of their trades, and that the sales

involved securities sold in interstate commerce.

The Amsels challenge the district court's factual findings at trial and the

sufficiency of the evidence.  We decline to consider their arguments regarding the

reliability of the SEC's expert's testimony and the relevance of certain deposition

transcripts, as these arguments were not raised before the district court.  *See*

*Virgilio v. City of New York*, 407 F.3d 105, 116 (2d Cir. 2005).  "[A] party is not

entitled to challenge on appeal the sufficiency of the evidence to support the

jury's verdict on a given issue unless it has timely moved in the district court for

---

[1] The standards of review are neither contested nor determinative.  *See L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cnty.*, 710 F.3d 57, 65 (2d Cir. 2013) (sufficiency of the evidence); *Jimico Enters., Inc. v. Lehigh Gas Corp.*, 708 F.3d 106, 110 (2d Cir. 2013) (summary judgment and size of a damages award); *Serricchio v. Wachovia Secs., LLC*, 658 F.3d 169, 191 (2d Cir. 2011) (decision to award damages); *City of New York v. Mickalis Pawn Shop, L.L.C.*, 645 F.3d 114, 131 (2d Cir. 2011) (entry of default judgment).

judgment as a matter of law on that issue." *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 164 (2d Cir. 1998). The same principle applies at bench trials. *See* Fed. R. Civ. P. 52(c). We perceive no manifest injustice that would warrant reaching these waived claims.

The Amsels have failed to demonstrate that the district court clearly erred in accepting the SEC's calculations as a reasonable approximation of their unjust enrichment. *See S.E.C. v. First Jersey Secs., Inc.*, 101 F.3d 1450, 1475 (2d Cir. 1996). They contend that the SEC's calculations turn on the physical impossibility that they sold more shares than they owned. Not so. The SEC noted that the Amsels sold more shares than they *purchased*, which was true: they sold the shares given to them free of charge for their role as consultants, including those issued pursuant to an invalid S-8 registration.

Liberally construed, the Amsels' brief challenges the district court's personal jurisdiction over David Amsel, in light of his Canadian citizenship and residency. He waived this defense by failing to raise it in the district court and, instead, proceeding with the litigation. *See Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir. 1972); *see also* Fed. R. Civ. P. 12(h).

We further affirm the district court's default judgment against David Amsel. David Amsel did not explain his absence to the court, and Appellant Mayer Amsel could not do so on his behalf. *Cf. Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (*per curiam*); 28 U.S.C. § 1654. This justified the entry of default judgment. *Brock v. Unique Racquetball & Health Clubs, Inc.*, 786 F.2d 61, 64 (2d Cir. 1986).

Finally, we decline to reach the Amsels' waived, non-jurisdictional argument that the U.S. securities laws do not apply to their trades because some of their brokerage accounts were in Canada. *See Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 130 S. Ct. 2869, 2877 (2010).

We have considered all of the Amsels' arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk