Slip Op. 16-43

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES, <br><br> Plaintiff, <br><br> v. <br><br> HORIZON PRODUCTS INTERNATIONAL, INC., <br><br> Defendant. | Before: Leo M. Gordon, Judge <br><br> Court No. 14-00104 |

**MEMORANDUM and ORDER**

Dated: May 4, 2016

Daniel B. Volk, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice of Washington, DC for Plaintiff United States. On the brief with him were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Jeanne E. Davidson, Director, Claudia Burke, Assistant Director, and Eric J. Singley, Trial Attorney. Of counsel on the brief was Claire J. Lemme, Attorney, Office of Associate Chief Counsel, U.S. Customs and Border Protection of Miami, FL.

Peter S. Herrick, of Peter S. Herrick, P.A. of St. Petersburg, FL, and Josh Levy, Marlow, Adler, Abrams, Newman & Lewis, P.A. of Coral Gables, FL for Defendant Horizon Products International, Inc.

Gordon, Judge: Before the court is Plaintiff United States' Motion for Default Judgment against Defendant Horizon Products International, Inc. ("Horizon") for a civil penalty in the amount of $324,540.00, plus post-judgment interest. ECF No.47. Plaintiff's motion is based on Horizon's failure to defend against Plaintiff's claim for a civil penalty. Pl.'s Mot. for Default J. 2-10, ECF No. 47.

The procedure for obtaining a default judgment is governed by USCIT Rule 55, which is modeled after the comparable rule in the Federal Rules of Civil Procedure. The

Rule 55 procedure begins when a party fails to plead or otherwise defend in an action. USCIT R. 55(a). See generally 10A C. Wright & A. Miller, Federal Practice & Procedure § 2682 (3d ed. 2015). Typically, the party seeking affirmative relief must demonstrate by affidavit or other means that the other party has failed to plead or otherwise defend the action. This, in turn, triggers the entry of default by the clerk of court. USCIT R. 55(a). Additionally, the court may, on its own, direct the clerk to enter a default against a party for failure to plead or otherwise defend. E.g., Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc., 687 F. 2d 182, 185 (7th Cir. 1982) ("Although Rule 55(a), Fed. R. Civ. P. refers to entry of default by the clerk, it is well-established that a default also may be entered by the court."); accord Brock v. Unique Racquetball & Health Clubs, Inc., 786 F.2d 61, 64-65 (2d Cir. 1986).

Problematically, there is no entry of default on the docket. Plaintiff has not filed the required affidavit or otherwise demonstrated Horizon's failure to defend. Without the entry of default, which concludes the liability aspect of the action, the court cannot proceed to the second step, the determination of damages and the entry of judgment by default. See Brock, 786 F.2d at 65.

Notwithstanding Plaintiff's failure to comply with USCIT Rule 55(a), Horizon has indicated that it does not intend to challenge Plaintiff's request for a default judgment. Def.'s Resp. to Pl.'s Mot. for Default J. 1, ECF No. 48. Given Horizon's stated intention not to continue to defend this action, id., and in the interest of securing "the just, speedy, and inexpensive determination" of this action, USCIT R. 1, the court concludes that it is

appropriate to exercise its discretion in this case and direct entry of default, <u>see</u> <u>Breuer</u>

<u>Elec.</u>, 687 F.2d at 185. Accordingly, it is hereby

       **ORDERED** that the Clerk of the Court shall, in accordance with USCIT Rule 55(a),

enter default against Horizon for its failure to otherwise defend this action.


                                         /s/ Leo M. Gordon
                                      Judge Leo M. Gordon


Dated:    May 4, 2016
          New York, New York